## GEORGE M. ATWATER *vs.* SILAS B. BODFISH.

Unity of possession and title extinguishes a right of way for the owner of one estate over another, although the right has existed for more than twenty years.

A way over another's estate, used for the purpose of taking away wood only, cannot be extended to other purposes, when the dominant estate is occupied by dwellings and cultivated.

Ploughing up an old way and substituting a new one from one estate over another by the consent of the owners of both estates, one of whom asserts and the other admits a right of way over the second estate somewhere, give the owner of the first estate no greater right in the new way that he had in the old one.

ACTION OF TORT for obstructing a right of way claimed by the plaintiff across the defendant's land in Chicopee. The case was submitted to an arbitrator, who reported the following case for the decision of the court :

Of a row of four lots of land running from west to east, the plaintiff purchased lot 1 in 1853, and lots 2 and 3 in 1855; and the defendant owns lot 4, bounded on the highway, and across which the right of way is claimed. Until 1838 these lots were all wood lots, and, from 1809 to that time, a way from lots 1 and 2 over lots 3 and 4 existed, but was used for no other purpose than to draw off wood and timber. Part of lot 3 was brought under cultivation in 1838, lot 2 has remained uncultivated to the present time, and the road to it was used almost exclusively for drawing away wood and timber until the plaintiff built his house on lot 1 in 1855, since which he has used it for all purposes. There is another access from the plaintiff's lots southwardly to the highway. Lot 4 was uncultivated and uninclosed until 1849.

Pliny Chapin owned lot 3 from 1839 till 1855. In 1836 Asher Hitchcock conveyed lot 4 to Veranus Chapin, by deed containing this clause: " With the privilege of a road across the same to be used as heretofore." Veranus Chapin conveyed this lot in 1846 to Pliny Chapin, who conveyed it to Francis Bliss in 1849, without reservation.

While Bliss owned lot 4, he ploughed up the old way across it and substituted another, with the concurrence of the owners

of lots 2 and 3, the right to cross somewhere being asserted by them, and admitted by Bliss, who desired to change the road because it crossed his land in an inconvenient manner.   After the change the new road was used in the same manner as the old one, until interrupted by the defendant.   In the various conveyances of the lots, no mention is made of the way except as above stated.

*F. Chamberlin,* for the plaintiff.   1.  The case finds a use and enjoyment for more than twenty years of a way across the defendant's land, by the owner of lots 2 and 3, sufficient to establish a prescriptive right or right by adverse use.   *Kent* v. *Waite,* 10 Pick. 142.   *Sargent* v. *Ballard,* 9 Pick. 254.   *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241.   *Williams* v. *Nelson,* 23 Pick. 141.   *Bright* v. *Walker,* 1 Cr., M. & R. 219. Gale & Whately on Easements, c. 5, § 3.   *Campbell* v. *Wilson,* 3 East, 300.   This enjoyment has been uninterrupted, except as to lot 3, as to which there may have been such a unity of possession with lot 4 as to interrupt the continuous adverse use. But as to that lot there was more than twenty years' adverse use before 1846.

2. The proof that the plaintiff and those under whom he claims used the way whenever they required it is strong evidence to show that they had a general right to use it for all purposes.   *Cowling* v. *Higginson,* 4 M. & W. 252.

3. The defendant is bound by the acts of Bliss, who ploughed up the old way across lot 4 and substituted another.   These acts, done with the concurrence of the owners of lots 2 and 3, (whose assertion of a right to cross somewhere was admitted by Bliss,) show a dedication by Bliss, which the defendant is estopped to deny.   *Larned* v. *Larned,* 11 Met. 423.   *Commonwealth* v. *Fisk,* 8 Met. 243.   *Morse* v. *Copeland,* 2 Gray, 305.

*C. A. Winchester,* for the defendant, cited Rev. Sts. c. 60, § 27 ; *Sargent* v. *Ballard,* 9 Pick. 254 ; *Arnold* v. *Stevens,* 24 Pick. 110 ; *Gayetty* v. *Bethune,* 14 Mass. 53 ; *Thomas* v. *Marshfield,* 13 Pick. 240; *Nichols* v. *Luce,* 24 Pick. 105 ; *Kilburn* v. *Adams,* 7 Met. 33 ; *Commonwealth* v. *Fisk,* 8 Met. 245 ; *Slater* v. *Jepherson,* 6 Cush. 129 ; *Cook* v. *Babcock,* 11 Cush. 210; *Luther* v. *Winni-*

*simmet Co.* 9 Cush. 171; *Thayer* v. *Paine*, 2 Cush. 332; *Henshaw* v. *Hunting*, 1 Gray, 218; *Stearns* v. *Mullen*, 4 Gray, 151; *Rogers* v. *Sawin*, 10 Gray, 376; *Lawton* v. *Rivers*, 2 McCord, 452; *Collins* v. *Prentiss*, 15 Conn. 39; *Pierce* v. *Selleck*, 18 Conn. 329; Shep. Touchst. 78; 4 Kent Com. (6th ed.) 468.

BIGELOW, J. 1. The way across lots Nos. 3 and 4 was extinguished by unity of possession and title in Pliny Chapin; he having acquired title to and occupied both lots from 1846 to 1849, when he conveyed No. 4 to Bliss, and after which, in 1855, he conveyed No. 3 to the plaintiff. Neither of these deeds contained any reservation of a right of way.

2. The right of way to lot No. 2 from 1809 to 1835 was only used for the purpose of taking wood from that lot, while the whole tract was wild and uncultivated. Such a right cannot be extended to the larger use claimed by the plaintiff as a way for all purposes, now that the land is occupied for dwellings and purposes of cultivation. It must be limited to the use for which it is shown by the evidence to have been originally designed. Since 1835, the use of the way has been interrupted, so that no right of way has been gained by adverse user since that time.

3. The act of Bliss in laying out a new track across another part of lot No. 4 cannot be regarded as an absolute dedication of a way over his land. If a private way can be established between parties by dedication, it must appear to have been done with a full knowledge of the rights of the parties, thus indicating a clear intent by the party owning land to devote his land to such purpose so as to give to others an irrevocable right to use it. But in the present case, the new way laid out by Bliss was only a substitute for the old one alleged to exist over another part of his land. The right to the original way being unfounded, the way substituted for it cannot be held to stand on a better title. *Judgment for the defendant.*