FANNY S. WHITING *vs.* EDWARD L. GAYLORD.

Third Judicial District, Bridgeport, April Term, 1895. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In the absence of statutory regulation, a strictly party wall, or the right to have a building supported on the land of another, can exist only by prescription, or by contract express or implied. To establish the easement by prescription it is absolutely essential that the use be adverse, and such as to give a right of action in favor of the party against whom it has been exercised.

A purchaser of property has the right to trust the language of his contract, and an easement not the subject of express mention in the deed, will not pass unless naturally and necessarily belonging to the premises. The existence of an alleged easement, claimed as being annexed to one's land, to use the land of another for a special purpose not founded on express grant, will, in general, depend on the question whether it is open, visible, continuous and necessary. The purchaser is not under the obligation to make examination and inquiry to ascertain whether such an easement exists, for it must be apparent to an ordinary observer, and continuous and necessary to the enjoyment of the estate granted.

Implied grants of land, or of easements, are here allowed to a very much more limited degree than in other States, and it is the policy of our recording system that the title to all interests in land shall appear on the land records, so that they may be accurately and easily traced.

[Argued April 24th—decided June 22d, 1895.]

ACTION to recover damages for injuries to the plaintiff's half of a double wooden house, and to her health, alleged to have been caused by the defendent in and while tearing down his half of said house; brought to the Court of Common Pleas in Fairfield County and tried to the court,

*Curtis, J.;* facts found and judgment rendered for the plaintiff to recover $350, and appeal by both parties for alleged errors in the rulings of the court. *Error on defendant's appeal ; no error on plaintiff's appeal.*

The plaintiff and the defendant owned a double dwelling-house on the south side of State street in the city of Bridgeport; the plaintiff the west half, and the defendant the east half, each in severalty. They purchased of the same grantor. The plaintiff's deed, dated January, 1887, bounded her land on the east " by the center of the division wall of said double house." She has resided in her part of said house ever since. The defendant purchased in September, 1889, and in his deed he is bounded west on the land of said Fanny S. Whiting, " by the center of the division wall of said double dwelling-house." The house was of wood 44 × 48 in size, two stories and basement, and stood about forty feet south from the south line of said State street.

The division wall in the basement and up to the ground floor is of brick; above the ground floor it is of planks, lath and plaster, and only about two and a half inches thick. It ran through the house from north to south. In the part of the house belonging to the plaintiff, there is next to said division wall, a hallway about six feet wide, then a partition separating the hall from the parlor. In the part of said house which belonged to the defendant, there was next to said division wall, a hallway also about six feet wide, and then a partition separating the hall from the parlors on that side. Eight of the joists ran from the partition west of the plaintiff's hallway, through the division wall to the partition east of the defendant's hallway, and were supported upon said partitions. They had been so supported ever since the said house was built, more than twenty years. This method of the construction of said house was disclosed by an inspection of the premises, and an inspection by the defendant before he purchased would have disclosed that construction to him.

The defendant's part of the house being out of repair, he decided shortly after he became the owner to take it down

and rebuild. He did so, rebuilding of brick and extending the new structure some ten or twelve feet nearer to the street line. In so rebuilding he did not disturb the said division wall, but built a brick wall entirely on his own land, leaving a space from two to nine inches in width between said brick wall and the old division wall, and when his house was finished he joined the new wall closely to the house of the plaintiff on either end and upon the roof, so that the space between the new wall and the old division wall was closed in from the outward air. In tearing down his portion of said building, the defendant cut off said joists about a foot within his division line, shored up the ends during the progress of the work, and until he could rest them upon the brick wall he was building, and as fast as the brick wall reached a sufficient height the joists were let into it and are now supported thereby. The planks of the said division wall were not so built as to fill the spaces between the said joists, and in taking down the building these spaces were left open until the defendant covered them with tarred paper, which he did when the weather became cold. The work of taking down said part of the house and the rebuilding it, as set forth above, was done by the defendant carefully, and without any negligence on his part or on the part of his employees. During the progress of the work, by reason of the jarring of the timbers of the plaintiff's house, and the change of the wall caused by the destroying of the original support of the ends of the joists and the placing them on new ones, the walls of the plaintiff's house were badly cracked, and the doors were rendered incapable of being opened or closed. For the damage so caused the court held that the defendant was liable to the plaintiff, as an insurer, although he was not negligent in the acts which occasioned the damage ; and rendered judgment for her to recover $350, and costs. From this judgment the defendant has appealed.

While the work of rebuilding was going on, the plaintiff suffered inconvenience and damage by reason of the cold, noise, dampness and jarring. For this damage the trial

court adjudged that the plaintiff was not entitled to recover; and from such judgment she has appealed.

*Curtis Thompson,* for the appellant (defendant).

I. The court erred in holding the defendant responsible as an insurer. This was an application of the rigorous rule which has been applied in New York to party walls, but not to cases like this. *Hendricks* v. *Stark,* 37 N. Y., 106; *Milne's Appeal,* 81 Pa. St., 54. Manifestly this was not a party wall, and the so-called division wall was not disturbed by the defendant, who carefully avoided doing so, and sacrificed a valuable strip of land to build wholly on his own lot. *Hieatt* v. *Morris,* 10 Ohio, 523.

The joint ownership of party walls must be the ground of this rule, and such walls must be the open and visible marks of the burden, *Ingals* v. *Plamondon,* 75 Ill., 118; but where the deeds create no such easement and clearly define the boundary, "as the center line of the division wall," and there are no open and visible marks of an easement of support beyond such line, there can be no such easement of support as exists in the case of party walls. *Mitchell* v. *Rome,* 49 Ga., 19; *Tunstall* v. *Christian,* 80 Va., 1; *Rogers* v. *Linshermer,* 50 N. Y., 646; *Butterworth* v. *Crawford,* 46 id., 349; *Parker* v. *Hotchkiss,* 25 Conn., 321; *Clark* v. *Gilbert,* 39 id., 97. The cases where arches supported the division wall, of course made the supports open and visible. *Partridge* v. *Gilbert,* 15 N. Y., 601; *Downing* v. *Hennings,* 20 Md., 179. A man is not liable for any unintentional consequences resulting from a lawful act, where negligence cannot be imputed to him, and the burden of proving such negligence is on the plaintiff. *Morris* v. *Platt,* 32 Conn., 84; *Munson* v. *Mallory,* 36 id., 174; *Burroughs* v. *H. R. R. Co.,* 15 id., 125. The maxim, *Sic utere tuo ut alienum non lœdas,* is applied only in cases where through some fault or negligence the injury occurs. If a man uses his property properly, and without fault or negligence, he is not responsible for the consequences. *Parker* v. *Griswold,* 17 Conn., 308; *Norwich* v. *Reed,* 30 id., 544; *Whitney* v. *Bartholomew,* 21 id.,

217; *Cheeseborough* v. *Green,* 10 id., 318; *Ingraham* v. *Hutch-inson,* 2 id., 598; 2 Wash. Real Prop., 362; *Massey* v. *Gayder,* 4 C. & P., 161; *Walter* v. *Pfeil,* Wood & M., 362; Cooley on Torts, 595; *Penn. Coal Co.* v. *Sanderson,* 4 Cent. Rep., 475.

It is admitted that the defendant had the right to do the acts which he did on his own land, and that he did them without negligence; and that being so the plaintiff has no cause of action against him.

The court manifestly erred in excluding the evidence offered by the defendant, who was asked, "whether he had any knowledge of the manner in which these joists extending across the halls were supported when he purchased the house." It is well settled that such an easement cannot be shown independently of a grant, but a grant may be express or implied. Here there was no express grant, and if implied, it must have been because it was an open, visible and necessary means of support; and whether it was so or not the evidence tended to establish, and therefore was admissible.

*J. C. Chamberlain* and *Nathaniel W. Bishop,* for the appellant (plaintiff).

I. If an inspection by the defendant of the premises would have disclosed the method of construction, he was bound to make it, and his want of actual knowledge at the time he purchased is of no consequence; he is still affected by the easement. *Pyer* v. *Carter,* 1 Hurl. & N., 916; *Butterworth* v. *Crawford,* 46 N. Y., 352; *Lampman* v. *Milkes,* 21 id., 507; *Henry* v. *Koch,* 80 Ky., 394; 6 Lawson, Rights and Remedies, §§ 2788, 2790.

II. If this be considered as a party wall and the doctrine applied in such cases is to govern, the defendant is responsible for any injury to the property of the plaintiff which ensues from the destruction of this wall, unless such destruction becomes necessary on account of the dilapidated condition of the wall itself. *Schile* v. *Brokhaus,* 80 N. Y., 614; *Brooks* v. *Curtis,* 50 id., 639; *Eno* v. *Del Vecchio,* 6 Duer, 17; *Adams* v. *Marshall,* 52 Am. Rep., 273.

III. The rule, however, would seem to be more strict in matters of this sort, where there is an easement of support acquired entirely upon the land of the other party, than in cases of party walls; and in all of these cases where there is such an easement which is destroyed by the person so building, that person is held responsible for all the injuries which result to the property of the other owner by virtue of such operations. *Rogers* v. *Suishemier*, 50 N. Y., 646; *Henry* v. *Koch*, 80 Ky., 394; 12 Amer. & Eng. Ency. of Law, 936; *Lampman* v. *Milkes*, 21 N. Y., 514; *Pierce* v. *Dyer*, 109 Mass., 376; 18 Amer. & Eng. Ency. of Law, 7, 8, note 1.

There was no error upon the part of the court in ruling that the property of the defendant was bound by this easement, even though said easement was not expressed in deeds and not duly recorded; as from more than forty years uninterrupted user, the grant is to be presumed. *Stevenson* v. *Wallace*, 27 Gratt. (Va.) 89, 93; *Schile* v. *Brokhaus*, 80 N. Y., 614; 18 Amer. & Eng. Ency. of Law, 8, 9; *Brown & Otto* v. *Warner*, 40 Md., 15.

IV. The court erred in not giving damages to the plaintiff for the personal injuries sustained by these operations of the defendant, aside from the cracking of the walls and destroying the paper. It appears that "the ill health of the plaintiff was much aggravated, and that she expended large sums of money for medical care and attendance." Such injury was the natural result of his operations and could have been prevented by him by the exercise of ordinary care. That it might be difficult to assess the damages is true, but that they should be assessed nevertheless. *Schile* v. *Brokhaus*, 80 N. Y., 620; Washburn on Easements, 745, 619; *Eno* v. *Del Vecchio*, 4 Duer, 53; *Buclioff* v. *N. Y. Elevated R. R. Co.*, 138 N. Y., 257; *Henry* v. *Koch*, 80 Ky., 396; *Brown & Otto* v. *Warner*, 40 Md., 20; *Adams* v. *Marshall*, 52 Am. Rep., 271, 277.

ANDREWS, C. J. The division wall, one half of which was conveyed to the plaintiff by her deed, and the other half of which was conveyed to the defendant by his deed, has not been injured. It remains as it was before the defendant

rebuilt.  No damages were claimed, and none were awarded, for anything done to it.

The defendant did certain acts on his own land, lawful in themselves, and without negligence.  In doing such acts in that way some  damage was  unavoidably done to the plaintiff.    The trial court held  that the defendant was liable to the plaintiff for the damages so caused, as an insurer.   The defendant insists that the trial court erred in so holding.  It is to be observed that the finding does not, in terms, set out any relations existing between the plaintiff and the defendant by reason of which he is subjected to the liabilities of an insurer and she entitled to the rights of one insured.   If there is such a relation it is to be gathered from the facts of the case.

It is found  that the method of constructing this double dwelling-house would  have  been disclosed by an inspection, if the defendant had made one before he purchased.   This finding can only mean that the method by which these joists were supported, was not open, apparent, and visible.   And that such means of support was not necessary to the maintenance of the plaintiff's house is shown by the fact that another means was readily substituted by the defendant.

The argument in this court in behalf of the plaintiff, proceeds on the theory that the plaintiff had an easement of support for the east end of the joists which the defendant cut off upon the defendant's partition, although that partition was six feet from the division wall of the house ; an easement of support precisely like, and to the same extent as, the easement for support which each of the owners of a strict party wall has in such a party wall ; and that the defendant is liable to the plaintiff as an insurer, for all the damages occasioned to her by reason of his interference with such support.

It has been  held in some cases that where one owner of a party wall makes any change in it for his own benefit, and when not required for the purposes of repair — he is absolutely responsible for all damage which is thereby occasioned

to the other owner. *Brooks* v. *Curtis*, 50 N. Y., 645 ; *Schile* v. *Brokhaus*, 80 id., 614 ; *Eno* v. *Del Vecchio*, 6 Duer, 17.

It is perhaps open to some doubt whether the rule of liability expressed in these cases would be applied to the same extent in this State. We have no occasion now to discuss that question. It would not be applied here or elsewhere, except in a case where a strict party wall was shown to exist. In the absence of some statute, a strict party wall can exist only by prescription, or by contract express or implied. *Gilmore* v. *Driscoll*, 122 Mass., 207 ; *Quinn* v. *Morse*, 130 id., 317 ; *List* v. *Hornbrook*, 2 W. Va., 340 ; *Bonomi* v. *Backhouse*, El. B. & E. 622, 9 H. L. Cases, 503. It is in these cases pointed out, that the right to the support of land — lateral and subjacent — in the means by which it is acquired, is entirely different from the right to have a building supported upon the land of another. The former is in the nature of a right of property analogous to the flow of a stream of water, or of air, while the latter can only be founded upon a prescription, or on a grant express or implied. *Wyatt* v. *Harrison*, 3 B. & Ad., 871 ; *Partridge* v. *Scott*, 3 M. &. W., 220.

But a right by prescription in the plaintiff to have these joists supported as on a party wall, does not seem to be shown ; nor is such right shown by any easement of less technical character. To establish an easement by prescription it is absolutely essential that the use be adverse. It must be such as to give a right of action in favor of the party against whom it has been exercised. *Parker* v. *Hotchkiss*, 25 Conn., 321 ; *Gilmore* v. *Driscoll*, 122 Mass., 207 ; *Sullivan* v. *Zeiner*, 98 Cal., 346 ; *Mitchell* v. *Mayor, etc., of Rome*, 49 Ga., 25.

While this house was owned as one house by the common grantor of the parties, there was a unity of possession in the now dominant and servient estates ; and the enjoyment of the *quasi* easement by each part of the house, was in no sense adverse ; and that period cannot be regarded as aiding to confer any right upon the plaintiff to its further enjoyment. *Hickox* v. *Parmelee*, 21 Conn., 98 ; *Manning* v. *Smith*,

6 id., 289; *Tucker* v. *Jewett*, 11 id., 322; *Johnson* v. *Jordan*, 2 Met., 234; *Hieatt* v. *Morris*, 10 Ohio St., 523; *Tunstall* v. *Christian*, 80 Va., 1; *Stanford* v. *Lyon*, 22 N. J. Eq., 33. Since she became the owner, sufficient time has not elapsed to raise a prescription.

There is no evidence, indeed there is no claim of an express contract between this plaintiff and defendant, by which a party wall, or any easement of support, was established, or of any such contract by either of them with their grantor. So far as the deeds appear, the plaintiff took nothing but the land granted to her, that is, the land on the west side of and up to the center line of the division wall; while the defendant took all the land on the east side of that center line. Neither took any right in the land of the other. The plaintiff's title to the easement of support must, therefore, depend entirely on an implied grant. When a right or privilege is claimed as being annexed to one's land to use the adjacent land of another for a special purpose, whether arising from prescription (a prescription supposes a lost grant) or from an implied grant, or reservation, the existence of the alleged easement will, in general, depend upon an affirmative answer to the inquiry, is it open, visible, continuous and necessary. The purpose of the inquiry is to ascertain the intent of the grant. It is a matter of contract, and must depend upon the construction of the conveyance. And so the real question is: What construction will the law put upon a conveyance where the intention of the parties in this respect is not expressed in terms?

The plaintiff contends that, as an inspection of the premises would have shown how the original house was constructed, it must be implied that she took her part of the house with the easement of support which she now claims; and that the defendant took his part of the house subject to such easement in her favor. The finding does not indicate what is intended by the expression "an inspection." An inspection may be very general, or it may be very minute. It may be made by one having no skill, or it may be made by one having great skill. The claim of the plaintiff's coun-

sel indicates that they mean a careful inspection by a person who is reasonably familiar with the premises.

The leading case cited by the plaintiff, and indeed the only one we have found which goes far enough to fully support her claims, is *Pyer* v. *Carter*, 1 H. & N., 916. In that case the owner of a single house converted it into two houses. While he was the sole owner he had constructed a drain under both of them. He sold one of them to the defendant, and afterwards the other one to the plaintiff. The defendant stopped the drain so that the water from the plaintiff's house could not flow off. It was not proved that at the time of the purchase the defendant knew of the position of the drain. Judgment was given for the plaintiff. In deciding the case the Court of Exchequer said the defendant took his part of the house "such as it is," subject to all the apparent signs of servitude which existed; and that by "'apparent signs' must be understood not only those which must necessarily be seen, but those which may be seen or known on a careful inspection by a person ordinarily conversant with the subject." This case was decided in 1857. But it has since been repeatedly and distinctly disapproved in England.·

In *Suffield* v. *Brown*, 4 De G. J. & S., 185, decided in 1864, in the Court of Chancery, LORD CHANCELLOR WESTBURY, in respect to *Pyer* v. *Carter*, after stating the case, said: "It was held that the second purchaser was entitled to the ownership of the drain, that is, to a right over the freehold of the first purchaser, because, said the learned judges, the first purchaser takes the house 'such as it is.' But with great respect, the expression ·is erroneous, and shows the mistaken view of the matter; for in a question, as this was, between the purchaser and the subsequent grantee of his vendor, the purchaser takes the house not 'such as it is,' but such as it is described and sold and conveyed to him in and by his deed of conveyance; and the terms of the conveyance, in *Pyer* v. *Carter*, were quite inconsistent with the notion of any right or interest remaining in the vendor. It was said by the court that the easement was 'apparent,

because the purchaser might have found it out by inquiry; but the previous question is whether he is under any obligation to make inquiry, or would be affected by the result of it; which, having regard to his contract and conveyance he certainly was not.   Under the circumstances of the case of *Pyer* v. *Carter*, the true construction was, that as between the purchaser and the vendor, the former had the right to stop and block up the drain where it entered his premises, and that he had the same right against the vendor's grantee. I cannot look upon the case as rightly decided, and must wholly refuse to accept it as any authority."   In another part of the opinion the LORD CHANCELLOR said : " When the owner of two tenements sells and conveys one for an absolute estate therein, he puts an end, by contract, to the relation which he had himself created between the tenement sold and the adjoining tenement; and discharges the tenement so sold from any burden imposed upon it during his joint occupancy ; and the condition of such tenement is thenceforth determined by the contract of alienation and not by the previous user of the vendor during such joint ownership. * * * It seems to me more reasonable and just to hold that if the grantor intends to reserve any right over the property granted, it is his duty to reserve it expressly in the grant, rather than to limit and cut down the operation of a plain grant * * * by the fiction of an implied reservation.   If this plain rule be adhered to, men will know what they have to trust, and will place confidence in the language of their contracts and assurances."   In *Crossley, etc.* v. *Lightowler*, L. R. 2 Ch. App., 478, decided in 1867, LORD CHELMSFORD said in respect to the case of *Pyer* v. *Carter*, " LORD WESTBURY however, in the case of *Suffield* v. *Brown*, refused to accept the case of *Pyer* v. *Carter* as an authority," and added : " I entirely agree with the view.   It appears to me to be an immaterial circumstance that the easement should be apparent and continuous, for *non constat* that the grantor does not intend to relinquish it unless he shows the contrary by expressly reserving it."   See also *Wheeldon* v. *Burrows*, L. R. 12 Ch. Div., 31.   Other English cases are,

*Russell* v. *Harford,* L. R. 2 Eq., 507; *Morland* v. *Cook,* L. R. 6 Eq., 252; *Davies* v. *Sears,* L. R. 7 Eq., 427; *Brown* v. *Alabaster,* L. R. 37 Ch. Div., 490.

The cases in this country which have referred to *Pyer* v. *Carter* have none of them, so far as we can learn, ever followed it to its full extent. The American cases have with almost entire unanimity limited easements by implied grant to such as were open, visible,—such as would be apparent to an ordinary observer,—continuous, and necessary to the enjoyment of the estate granted or retained. *Carbrey* v. *Willis,* 7 Allen, 364; *Randall* v. *McLaughlin,* 10 id., 366; *Philbrick* v. *Ewing,* 97 Mass., 133; *Lampman* v. *Milks,* 21 N. Y., 505; *Butterworth* v. *Crawford,* 46 id., 349; *Henry* v. *Koch,* 80 Ky., 394; *Evans* v. *Dana,* 7 R. I., 306; *Providence Tool Co.* v. *Corliss Steam Engine Co.,* 9 id., 564; *Dunklee* v. *Wilton R. R. Co.,* 24 N. H. 489; *Warren* v. *Blake,* 54 Me., 276; *Janes* v. *Jenkins,* 34 Md., 1; *Ingals* v. *Plamondon,* 75 Ill., 118; *Fetters* v. *Humphreys,* 18 N. J. Eq., 263; *S. C.,* 19 id., 471; *Denton* v. *Leddell,* 23 id., 67; *Parsons* v. *Johnson,* 68 N. Y., 62; *Griffiths* v. *Morrison,* 106 id., 165; *Root* v. *Wadhams,* 107 id., 384.

These cases differ considerably as to the degree of necessity which must exist in order to raise the implication that the easement, or *quasi* easement, passes; but they all concur in the rule just stated, that it must be one which is open, visible, and necessary.

In this State the rule of construction, settled by a series of decisions, is that the subject-matter of a deed is to be ascertained from its premises, and that by a deed of land, described as such, nothing passes except what is fairly included in the premises; that an easement not naturally and necessarily belonging to the premises, will not pass. In *Manning* v. *Smith,* 6 Conn., 289, a grantor conveyed land upon which ended a pipe carrying water from a spring upon land reserved by him in the deed; the words " to have and to hold the premises, with all their *appurtenances,*" followed the description of the land. The grantee insisted that he had by these words acquired the right to have the water flow to his land.

This claim was denied. The court said: "It is insisted, that the deed * * * conveyed the easement in question. The words of the deed describe only the land:—it is added 'to have and to hold the premises, with all their *appurtenances.*' * * * The deed * * * did not convey any right to the easement, unless it belonged *naturally* and *necessarily*, to the premises. If the conduit had been placed there a month previously, by a stranger, or by the defendant, it would hardly be said, that it was a part of the freehold. It would not be strictly necessary to its enjoyment. Co. Litt. 121*b*. 122*a*. 'By the grant of a messuage, with the appurtenances, a shop annexed to it for thirty years does not pass, unless it be found to be a part of the messuage.' *Bryan* v. *Wetherhead*, Cro. Car., 17. The subject-matter of the grant in the deed, is the *land*, and that does not include the easement, as we have seen. Can, then, the thing granted be enlarged, by the words 'to have and to hold with the appurtenances'? It is in the *premises* of the deed that the thing is really granted. 3 Cruise Dig., 47, § 51; *The Abbesse of Sion*, 33 Hen., 6, 33, cited Hob., 161; *Needler* v. *Bishop of Winchester*, id., 231; *Whalley* v. *Thompson*, 1 Bos. & Pul., 371; *Grant* v. *Chace*, 17 Mass., 443. It is the office of the *habendum* sometimes to enlarge the *estate* granted, but never the *subject-matter* of the grant. * * * The plaintiff, grantee of the defendant, by the deed, might have secured to himself this privilege, by express grant, or by covenants. He has taken his deed; and it is not for the court to give it a construction not authorized by law." This case of *Manning* v. *Smith* is cited with approval in *Miller* v. *Scolfield*, 12 Conn., 343; in *Giddings* v. *Emerson*, 24 id., 546, and in *Williams* v. *Wadsworth*, 51 id., 308; see also Sheppard's Touchstone, 89; 3 Cruise Digest, § 51.

Implied grants of land, or of easements, or of any interest in land, are allowed here when allowed at all, to a very much more limited degree than in the other States. These decisions are in accordance with what has always been the policy of our recording system, that the title to all interests in land shall appear on the land records, so that they may

be easily and accurately traced. 1 Swift's Dig., 122; *North v. Belden*, 13 Conn., 380; *Herman* v. *Deming*, 44 id., 124; *Cake* v. *Peet*, 49 id., 501; *Salisbury Savings Society* v. *Cutting*, 50 id., 113. We think this plain policy should be adhered to, so that men will know what they have to trust, and can place confidence in the language of all conveyances as they find them recorded. And inasmuch as the easement of support which the plaintiff claims was not an open and visible one, and, although convenient, was not necessary to the enjoyment of her part of the house, we think she has shown no title to it, and that she cannot recover.

There is error on the defendant's appeal, and no error on the plaintiff's appeal.

In this opinion the other judges concurred.