## WILMOT C. WHEELER *vs.* HARRY S. YOUNG ET AL.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Deeds recorded within a reasonable time take effect according to the time when they were actually delivered.

Where one, by reason of his negligent failure to examine the land records, is induced to purchase real estate from a grantor who has no title, and another, immediately after the grantor has acquired title from the owner of record, purchases the same property in good faith, for value, and without negligence or notice, the latter's title must, under our registry law, prevail over that of the former.

The doctrine that one who has conveyed land with covenants of warranty, before acquiring title, is estopped from questioning the validity of such conveyance after he acquires title, cannot be carried so far as to give the first grantee priority over the second.

Under the registry law of this State every person taking a conveyance of an interest in land is conclusively presumed to know those facts which are apparent on the land records concerning the chain of title of the property in question.

One who purchases land without an examination of the record title is negligent in contemplation of law.

The purchaser of land is chargeable, however, only with notice of recorded conveyances made by the owner during the time he holds the record title. He is not obliged nor expected to search for possible conveyances made by strangers to the title.

Argued June 2d—decided July 24th, 1903.

ACTION to foreclose a mortgage and for other equitable relief, brought to the Superior Court in Fairfield County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the defendant Young, upon his cross-complaint, and appeal by the plaintiff. *Error, judgment reversed and cause remanded.*

*John C. Chamberlain,* for the appellant (plaintiff).

*John Cullinan, Jr.,* for the appellee (defendant Young).

HALL, J. The plaintiff asks for a judgment of foreclosure under a mortgage which on the 13th of December, 1900, was

assigned to him by Burr & Knapp, real estate and mortgage brokers of Bridgeport. Burr & Knapp as mortgagees received the mortgage from Charles B. and Edward H. Marsh, builders in Bridgeport, under the firm name of Marsh Brothers, on the 26th of October, 1900, to secure the payment of a loan of $3,500 made by them, on that day, to Marsh Brothers. The mortgage was recorded on said 26th of October at 3 : 01 P. M. Burr & Knapp took no other security for said loan, and Marsh Brothers are insolvent. Both Burr & Knapp and the plaintiff took said mortgage in good faith, for value, in reliance upon the certificate of an attorney that the premises were free and clear of all incumbrance, and that the legal title at the time said mortgage was given was in Marsh Brothers, and without knowledge of any prior conveyance by Marsh Brothers to the grantor of the defendant Young, or of any incumbrance upon said property prior to their mortgage of October 26th. Marsh Brothers obtained title to the premises described in the mortgage by a quitclaim deed from Orange Merwin of Bridgeport, which was executed on the 1st of May, 1900, but not delivered until the 26th of October, 1900, when it was recorded at 3 : 05 P. M. On the same day Marsh Brothers paid to Merwin the purchase price for said property.

Apparently there was no evidence presented at the trial, other than the facts herein stated, showing the precise time on the 26th of October when either the deed from Merwin to Marsh Brothers, or the mortgage from Marsh Brothers to Burr & Knapp, was actually delivered, or showing whether or not they were delivered at the same time and together given to the town clerk to be recorded.

Orange Merwin acquired title from Marsh Brothers by deed executed and recorded September 8th, 1899. The defendant Harry S. Young, who is now in possession of the mortgaged premises, claims under a deed from Alfred Young dated January 2d, 1901. Alfred Young claimed title under a warrantee deed from Marsh Brothers dated April 30th, 1900, delivered and recorded on the 7th of July, 1900. Marsh Brothers had, on the 21st of April, 1900, agreed with

said Alfred Young to sell him the lot described in the mortgage, and which was then owned by Merwin, and to erect a house thereon for $4,600, for which Alfred Young was to transfer to Marsh Brothers a cottage valued at $3,800, on which there was a mortgage of $2,800, and was to give a mortgage back, upon the premises purchased, for the remainder of the $4,600. In accordance with such agreement Alfred Young conveyed the cottage, and on April 30th, 1900, gave to Charles B. Marsh a mortgage upon the lot in question for $3,500, upon Marsh's promise not to use it until the house was completed, which mortgage Marsh, on the same day, assigned to one Mary E. Beardsley, one of the defendants.

Alfred Young caused no search to be made of the land records to ascertain the true state of the title to said land, before receiving said deed from Marsh Brothers, but relied upon the statement of Charles B. Marsh that they had acquired title to said land. Young was in the employ of Marsh Brothers and did as Charles B. Marsh directed, intending no fraud toward any one.

Marsh Brothers commenced the erection of a house upon said lot in May, 1900, which was apparently completed on the 26th of October, 1900, and Merwin on said day gave his said deed to Marsh Brothers as aforesaid to enable them to carry out their said agreement with Alfred Young, which was known to Merwin, and on his business records Merwin treated the sale as a sale to Young.

The plaintiff has purchased for $1,750 the mortgage so assigned by Marsh Brothers to Mary E. Beardsley.

Upon these facts the defendant Young claims title to the premises in question, and by his cross-complaint asks that the mortgage of October 26th, sought to be foreclosed, be declared void.

No question is made and none can be made, upon the facts before us, but that the mortgage deed to Burr & Knapp, and the Merwin deed to Marsh Brothers, both of which were delivered on the 26th of October as above stated, and were received for record by 3 : 05 P. M. of the same day, were left

for record within a reasonable time after they were delivered. The mere fact that the deed of Merwin to Marsh Brothers appears to have been received for record four minutes later than the mortgage of the latter to Burr & Knapp, would not justify a conclusion, especially under the circumstances of this case, that Marsh Brothers had not received their deed from Merwin at the time of the delivery of the mortgage to Burr & Knapp, and that for that reason Burr & Knapp took nothing by their mortgage. Deeds recorded within a reasonable time take effect according to the time they were actually delivered. *Hartford Bldg. & Loan Asso.* v. *Goldreyer*, 71 Conn. 95, 100; *Goodsell* v. *Sullivan*, 40 id. 83, 85; *Beers* v. *Hawley*, 2 id. 467, 469. The deed and mortgage were delivered on the same day. The mortgage recites the ownership by the mortgagor at the time of its delivery of the same property described in the deed. Looking at the record of the two deeds, the mortgage therefore indicates upon its face that it was delivered after or at the same time with the Merwin deed. The Merwin deed, confessedly, not having been recorded when the mortgage was delivered, Burr & Knapp would be presumed to have ascertained that it had been delivered before they made the loan of $3,500, and the information which they received to that effect does not appear to have been false. As between the parties to this case and in the absence of any evidence to the contrary— unless the slight difference in the time the two deeds were received for record can properly be regarded as conflicting evidence—the Merwin deed must, under the circumstances, be regarded as having been delivered either before, or at the same time with, the mortgage, and especially since no one appears to have been deceived to his injury by the fact that the Merwin deed, which bore an earlier date than the mortgage, appears to have been received for record four minutes later than the mortgage.

But we do not understand that the trial court held that the Merwin deed was in fact delivered after the mortgage, or held that it did not sufficiently appear that the Merwin deed was delivered first, but decided that by the common-

law doctrine of estoppel the title acquired by Marsh Brothers from Merwin on the 26th of October inured to the benefit of Alfred Young, the first purchaser from Marsh Brothers, the moment Marsh Brothers acquired their title, even assuming that the deed from Merwin was delivered before the mortgage, and decided that the title having thus vested in Young there remained nothing which Marsh Brothers could convey to Burr & Knapp by the mortgage, or which Burr & Knapp could assign to the plaintiff.

The rule referred to is, that where one without title has conveyed with covenants of warranty, and has afterwards acquired title, he is estopped from asserting his want of title at the time of making such first conveyance; and the contention of the defendant is, in effect, that under this rule, upon the facts before us, not only Marsh Brothers, but their mortgagees, Burr & Knapp, are estopped from denying that Marsh Brothers had title at the time of their conveyance to Young on July 7th, 1900.

To carry this doctrine to the extent of giving priority to the title of one who from his negligent failure to examine the records has been induced to purchase land of a person having no title, over that of one who without negligence, in good faith and for value, and without knowledge of such prior deed, has purchased, after his grantor has acquired title from one having both the legal and record title, is opposed to the principles of equity and to the spirit of our registry laws. *Bingham* v. *Kirkland,* 34 N. J. Eq. 229, 234; *Calder* v. *Chapman,* 52 Pa. St. 359; *Farmers' L. & T. Co.* v. *Maltby,* 8 Paige (N. Y.), 361; *Way* v. *Arnold,* 18 Ga. 181; *Salisbury Savings Society* v. *Cutting,* 50 Conn. 113, and reporter's note, p. 122.

The doctrine of estoppel is one which, when properly applied, "concludes the truth in order to prevent fraud and falsehood, and imposes silence on a party only when in conscience and honesty he should not be allowed to speak." *Van Rensselaer* v. *Kearney,* 11 How. 297, 326. "As understood and applied in modern times, there is nothing harsh or unjust in the law of estoppels. It cannot be used but to

subserve the cause of justice and right." *Buckingham* v. *Hanna*, 2 Ohio St. 551, 559. " To allow a title to pass by conveyance, executed and recorded before it is acquired, may, therefore, be a surprise on subsequent purchasers, against which it is not in their power to guard, and is contrary to the equity which is the chief aim of the doctrine of estoppel as molded by the liberality of modern times." 2 Smith's Lead. Cases, 7th Amer. Ed., page 701, s. p. 634.

It may be said that such estoppel by deed is not an equitable doctrine, but is a rule of the common law based upon the recitals or covenants of the deed. We reply, that as a rule of law it has been so far modified by the registry laws as to be no longer applicable to cases where its enforcement would work such an injustice as to give priority to the title of one who negligently failed to examine the records before purchasing of a grantor having no title, or who purchased at the risk that his grantor might thereafter acquire title, over that of a subsequent purchaser in good faith and in reliance upon the title as it appeared of record. " The whole system of registering deeds of land would become of no value if a purchaser could not rely upon the records as he finds them." *Kinney* v. *Whiton*, 44 Conn. 262, 270 ; *Whiting* v. *Gaylord,* 66 id. 337, 349. In the case above cited of *Salisbury Savings Society* v. *Cutting*, 50 Conn. 113, the question of whether a deed with covenants of title, given before the grantor acquired title to the land conveyed, and placed on record, would prevail over a deed given after the title was acquired, to a purchaser taking it in good faith and without knowledge of the first deed, was left an open question. The case was decided upon the ground that the second grantee was neither a purchaser for value nor, because of certain facts found, a purchaser without notice of the title of the first grantee. The note to the case by the reporter, the late Mr. Hooker, contains an able discussion of the question left undecided by the court, in which he reaches the conclusion that the deed of the subsequent *bona fide* purchaser for value and without knowledge of the prior deed, must prevail, under our registry laws, over that of the prior recorded deed of the negligent

grantee. We think his reasoning is convincing, and is especially applicable to the facts of the present case.

The plaintiff here asks for the enforcement of the registry laws. He says that from September 8th, 1899, until October 26th, 1900, both the legal and the record title to this property was in Orange Merwin, and that on said 26th of October his, the plaintiff's, assignors, Burr & Knapp, purchased from those who on the same day acquired title from Merwin. The defendant asks for the enforcement of the law of estoppel, by which he claims that neither Burr & Knapp, nor the plaintiff, should be permitted to assert that Merwin had title, and that Marsh Brothers had no title, from September 8th, 1899, until October 26th, 1900.

In inquiring which of the two grantees, Young or Burr & Knapp, has acted in good faith and without negligence in purchasing from Marsh Brothers, and which is entitled to priority of title under the registry laws, we must examine their conduct in connection with certain facts, with a knowledge of which they are charged by our registry laws.

The effect given by the law of this State to the proper record of conveyances of land has been very clearly declared in the recent case of *Beach* v. *Osborne*, 74 Conn. 405, 412–415. We said in that case, as conclusions from the authorities there cited, "that every person who takes a conveyance of an interest in real estate is conclusively presumed to know those facts which are apparent upon the land records concerning the chain of title of the property described in the conveyance, and . . . that this presumption of knowledge is for all legal purposes the same in effect as actual knowledge;" that "this presumed knowledge is present at every step he takes, at every act he does," and that his good faith and belief must be "consistent with actual knowledge of the facts affecting his title which are apparent upon the land records;" that "one who fails to examine to see what the records disclose concerning the title to the land he proposes to take, is, in the eye of the law, negligent; and equity does not as a general rule relieve from the consequences of one's own negligence."

Applying these principles to this case, we find that Alfred Young, in the eye of the law knew, when he purchased from Marsh Brothers, that they had no title, but that Marsh Brothers on the 8th of September, 1899, had conveyed to Merwin, and that the title was still in Merwin, and that it so appeared upon the public records. In contemplation of law, therefore, he did not act in good faith, but was negligent in making such purchase without having first examined to see what the records disclosed concerning the title to the land he proposed to purchase. When Burr & Knapp took their mortgage from Marsh Brothers on the 26th of October, they knew that the title to the mortgaged property had been in Merwin from September 8th, 1899, until October 26th, 1900. Since they had no reason to suppose that one having no title to the property would convey it during that period, they had no occasion to search the records to ascertain whether Marsh Brothers had made any conveyance during that period. They were only required to search against each owner during the time he held the record title. The deed of Marsh Brothers to Young was not in the line of record title, and Burr & Knapp were not charged with knowledge of its existence. See *Bingham* v. *Kirkland*, 34 N. J. Eq. 229, and the other cases above cited. It is said, however, that the Merwin deed was not on record when Burr & Knapp took their mortgage on the 26th of October. But the Merwin deed was not in fact delivered until that day, and Burr & Knapp had no reason to think that a deed delivered on that day, and before their mortgage was delivered, that is, before 3 : 01 P. M., ought to be recorded when their mortgage was delivered, nor was there any reason why they should require it to be recorded before accepting the mortgage. The records showed a good title in Merwin up to the time of the delivery of the mortgage deed. Burr & Knapp had only to satisfy themselves that a deed had been given by Merwin to Marsh Brothers that day, which was the fact, and that no conveyance had been made by Marsh Brothers since they received their deed from Merwin, which was also true. As the deed of Marsh Brothers to Young and the

mortgage back by Young to Charles B. Marsh were not incumbrances upon the title of record, the information given to Burr & Knapp by the searcher, that "the premises were free and clear of all incumbrance and the legal title in Marsh Brothers," was entirely consistent with the facts as they appeared by the records concerning the chain of title, and the fact that Marsh Brothers had that day acquired title from Merwin. The facts before us show that Burr & Knapp acted in good faith, and without negligence, and without knowledge of the Young deed, and that having on the 26th of October taken a mortgage from those, who on that day had received a deed from the legal owners, and the owners of record, their mortgage is valid. As Alfred Young had no title superior to the Burr & Knapp mortgage when he conveyed to the defendant Young on January 2d, 1901, the defendant Young by his deed of that date took no title superior to the mortgage. The plaintiff is entitled to a judgment of foreclosure.

There is error in the judgment of the trial court and it is reversed, and the case remanded for the entry of a judgment of foreclosure in favor of the plaintiff.

In this opinion the other judges concurred.