[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS TO REARGUE AND OPEN JUDGMENT
The defendant has filed these motions after judgment entered for the plaintiff on January 24, 1997. The court notes at the outset that it has re-asserted several claims litigated at trial and covered by the courts eleven page Memorandum of Decision.
 I
The defendant at oral argument on these motions argues for the first time that the plaintiff neglected to prove his title. There is no merit to this claim as the court heard the testimony of Attorney Albert I. Sheppard, a recognized specialist in the field of real property and title examination. He stated that the plaintiff owns the parcel which was favored with the right of way in question. Referring to documents in evidence, he testified on the chain of title at least as far back as 1940. The right of way was created by the plaintiff's grantor.
Appended to its claim questioning the plaintiff's title is the re-iteration of a claim raised at trial, rejected by the court then, and raised by the defendant in its brief after trial. Entitled: "Chain of title," this claim is set forth in the Motion to Re-Argue as follows:
 "The court found that the Plaintiff had proved by clear and convincing evidence that he was the "beneficiary of the easement in question." In so doing the court erred by failing CT Page 3550 to address and by not finding that the Plaintiff had failed to prove a chain of title because there was absolutely no evidence as to what each grantor did with his claimed property from the time each purportedly acquired title until it was conveyed to the claimed testified owners."
The court finds no authority for this proposition in the cases cited by the defendant. Byard v. Hoelscher, 112 Conn. 5
(1930) dealt with the question of whether a qualified title searcher's testimony should have been admitted by the trial court. Actually, the court's discussion at page 9 of the decision would, if anything, strengthen the testimony of Mr. Sheppard, supra.
Similarly, the defendant's citation of Hawley v. McCabe,117 Conn. 558, 563-564 (1933) does not support this "chain of title" claim. Specifically, it says:
 "A searcher is only required to search against each owner during the time he held title and is not chargeable with knowledge of any conveyance not in the line of the record title."
The court finds this assertion completely unsupported and totally irrelevant to the issues in this case.
 II
The defendant has re-asserted another argument from his post trial brief, that the dominant estate in the easement was not identified. Having treated with this topic at length in its Memorandum of Decision, the court declines to address it again.
 III
The defendant in Section m of his memorandum takes exception to the court's findings and seeks to re-argue facts to suit his claim. The court feels these issues have been addressed in the Memorandum of Decision.
 IV
The defendant in his Section IV again reiterates claims addressed by the court, both in rulings at trial and in its decision. CT Page 3551
 V
In its Section V, the defendant raises issues not before the court and makes statements unsupported by any evidence. Specifically, it attacks the decision because of the presence of light poles, telephone poles and a fire hydrant. No evidence was offered as to these items, either as to their location or ownership.
However, the court found the existence of a valid easement and that it was encumbered by the defendant. At best, this argument should be reserved until such time as it becomes necessary to implement the decision rendered. The court has indicated a further hearing will be held when and if it becomes necessary to do so.
 VI
In its last argument, Section VI, the defendant repeats arguments made before and states as fact much material that was disputed. In the process, he suggests his predecessor in interest was totally innocent of any misfeasance, despite the fact he proceeded to push ahead with his project knowing of the right of way, negotiating over it and yet never concluding an agreement regarding it.
CONCLUSION
The court having permitted re-argument, the motion to re-open judgment is denied.
Anthony V. DeMayo Judge Trial Referee