[Williams *et al.* v. Woodruff.]

# Williams *et al. v.* Woodruff.

*Statutory Action of Ejectment.*

1. *Ejectment; when plaintiff not entitled to recover.*—In an action of ejectment, where the plaintiff claims title to the land in controversy under the grantees in a deed, by the terms of which a life estate was expressly reserved to the grantors, and it is not shown that both of the grantors are dead and that the life estate reserved by said deed has fallen in, the plaintiffs are not entitled to recover.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. OSCEOLA KYLE.

This was a statutory action of ejectment, brought by the appellees against the appellant, W. M. Woodruff, to recover certain lands specifically described in the complaint.

The plaintiffs relied for recovery upon a deed executed by their ancestor, John McVay, and his wife, Nancy McVay, to Lancaster C. McVay, their son, which was executed on June 2, 1837. By this deed the said John McVay and his wife conveyed the lands involved in this controversy to said Lancaster C. McVay, as recited in said deed, "to have and to hold the above described tract or parcel of land 'after the death of the said John McVay and Nancy McVay,' to him the said Lancaster C. McVay during his natural life' not subject to the payment of any debt which he may contract' and in fee simple to the heirs of his body then in being and lawfully begotten to be distributed among said heirs in such manner and in such portion as he in the full exercise of his discretion may deem meet and proper," etc.

The cause was tried by the court without the intervention of a jury upon an agreed statement of facts. The deed from John McVay and wife to Lancaster C. McVay containing the above recital was attached to the agreed statement of facts as Exhibit A. This agreed statement

of facts was in words and figures as follows: "John Mc-Vay and his wife, Nancy McVay, were the father and mother of L. C. McVay, Sr., and that said John McVay owned the lands described in the complaint in this cause and was in possession of same on the 2nd day of June, 1837, at the date of the execution of the deed, a copy of which is made Exhibit "A" to this agreement; that L. C. McVay, Jr., who is now dead, also being one of said four children; that L. C. McVay, Sr., died on the 27th day of May, 1891; that defendant was in possession of the lands described in the complaint filed in this case, at the date of the filing of said complaint; that L. C. McVay, Sr., and his wife Maria McVay, by two several deeds, conveyed said lands to L. C. McVay, Jr. (their son) as follows: On July 22d, 1884, the east half of south west fourth of. section 26, township 6, range 7, and on September 26th, 1882, the west half of south west fourth of section 26, township 6, range 7, which said deeds were recorded in deed book "T" on pages 291 and 587, in the office of the judge of probate of Lawrence county; that on the 26th day of November, 1896, the said L. C. McVay, Jr., mortgaged said lands to the New England Security Company. That said L. C. McVay, Jr., made default in the payment of said mortaged debt, and said lands were sold under the power of sale contained in said mortgage, according to the terms of said mortgage; that the New England Mortgage Security Co. became the purchaser of said lands at said sale and then sold said lands to defendant on the 27th day of November, 1897, and put the defendant in possession of same, all before the commencement of this suit."

Upon the hearing of all the evidence the court rendered judgment for the defendant. From this judgment the plaintiff appeals, and assigns the rendition thereof as error.

D. C. ALMON and W. L. MARTIN, for appellant, cited *May v. Ritchie*, 65 Ala. 603; *Sullivan v. McLaughlin*, 99 Ala. 60; *Campbell v. Noble*, 110 Ala. 382; *Watson v. Williamson*, 129 Ala. 362; *Findley v. Hill*, 32 So. Rep. 497.

W. T. Lowe, *contra,* cited *May v. Ritchie,* 65 Ala. 602; *Mason v. Pate,* 34 Ala. 379; *Eureka Co. v. Brown,* 103 Ala. 140; 22 Amer. & Eng. Ency. of Law, (2d ed.), 1145.

TYSON, J.—Action of ejectment. By the terms of the deed under and by virtue of which the plaintiffs claim title to the land in controversy, a life estate is expressly reserved to the grantors, and whatever of estate was conveyed to the grantees its enjoyment was postponed until after the death of each of the grantors. The agreed facts do not show that this life estate has terminated. In other words, it is not shown that both of the grantors are dead. If they are living, and in the absence of evidence showing their death the presumption is that they are, the plaintiffs have shown no right to the possession of the lands and therefore no right to recover them.

Affirmed.