THE GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. L. B. GILL ET AL.

No. 496.

1. Notice— Purchaser Protected by His Vendor's Good Faith.—
The title of a second purchaser with notice of outstanding claims is protected if
his vendor, the first purchaser, bought without notice.

2. Same—Grading of Railway Track.—The grading of a railway track
is not notice of a claim of title by the railway company to land 132 feet distant
from the track.

3. Notice Rebuttable, when— Registration— Description.—Where
a deed duly recorded describes the land conveyed as a certain block in a certain
addition, without specifying the dimensions of the block, a subsequent purchaser
of part of the land will be charged thereby with notice of the grantee's title, un-
less he can rebut the legal inference of notice by proof of due and diligent in-
quiry, and the existence of good faith on his part after such inquiry is exhausted.

APPEAL from Tarrant.   Tried below before Hon. N. A. STEADMAN.

*Leake, Shepard & Miller*, and *J. W. Terry*, for appellant.—Before the
deed to Isham was made, the appellant entered on block 55 under a war-
ranty deed, built its road, and was operating the same regularly; and this
was sufficient notice to the said Isham of its title.   Railway v. Broom, 33
Am. and Eng. Ry. Cases, 90; Day, Williams & Co. v. Railway, 41 Ohio
St., 392; Hargis v. Keith, 13 S. W. Rep., 680.

*J. F. Cooper*, for appellees.

TARLTON, CHIEF JUSTICE.—Appellant brought this suit in the form
of an action of trespass to try title, in the District Court of Tarrant
County, to recover certain real property described as a part of block
number 55 in Tucker's Addition to the city of Fort Worth.   The defend-
ants, who prevailed in the trial court, are L. B. Gill, W. H. and Sallie
Holt, B. L. Spencer, and G. B. Brown.

The appellant claims that the property in controversy is a part of block
number 55 in Tucker's Addition to the city of Fort Worth.

The appellees claim that it is no part of block number 55, but that it con-
sists of certain lots lying between block 55 and Jones Street, in Tucker's
Addition.   They further claim that if this property be a portion of block
55, they are nevertheless entitled to it as bona fide purchasers for value
and without notice.

*Conclusions of Fact.*—W. B. Tucker, with his wife, M. A. Tucker, were
formerly the owners of all the property involved, together with other
real property known as Tucker's Addition to the city of Fort Worth, and

they are the common source of title.   June 25, 1881, they conveyed, in consideration of $500 cash, by general warranty deed, to the Gulf, Colorado and Santa Fe Railway Company, certain real property described as " blocks numbers 50 and 55 in Tucker's Addition to the city of Fort Worth." This deed was duly filed for record in Tarrant County, February 25, 1882.

The title of the defendants W. H. Holt and Sallie Holt is as follows: (1) A deed from W. B. Tucker and his wife to Edward Isham, dated October 6, 1881, and acknowledged December 6, 1881.   This deed conveys one lot 51x78 feet, without reference to number or block, but described by metes and bounds as beginning 50 feet east 51 south of the southeast corner of a lot deeded by Tucker and wife to M. S. Coppage. (2) A deed conveying the same property, by Edward Isham and wife to S. M. Evans, dated April 19, 1882.   (3) A deed from S. M. Evans, conveying the same property to W. H. and Sallie Holt, dated January 29, 1883.

The title of the appellee Spencer (in which the appellee W. H. Holt is jointly interested) is as follows: (1) A deed from W. B. Tucker and wife to W. D. Davis, dated June 7, 1883, to " lot number 2, block 58, Tucker's Addition, according to the plan of said Tucker's Addition, containing 51x78 feet."   (2) A deed from W. D. Davis and his wife, conveying to W. H. Holt and B. L. Spencer, October 15, 1883, the same property.

The title of the appellee G. B. Brown is as follows: (1) Deed dated May 28, 1883, by Tucker and wife to Milton F. McConnell, conveying lot number 5, block number 58 (51x78 feet), in Tucker's Addition to the city of Fort Worth, according to the plan of said addition.   (2) A deed from Milton F. McConnell, dated November 25, 1884, conveying the same property.   (3) A deed from S. M. McConnell to G. B. Brown, dated November 28, 1884, conveying the same property.

The title of the appellee L. B. Gill is as follows: A deed from Tucker and wife, dated August 25, 1882, conveying lot number 1, block number 59, in Tucker's Addition.

Two witnesses for plaintiff testify, in effect, that they were representing the company in the year 1881, and negotiated the purchase of block 55 in question; that in buying from W. B. Tucker they used a map known as the " Cetti " map, and including Tucker's Addition to the city of Fort Worth; that they purchased with reference to this map, which was recognized as genuine by W. B. Tucker; that this map showed that block 55 in question abutted on Jones Street as its west boundary line, and consequently that the lots now claimed by the appellees were a part of block 55.

On the other hand, W. B. Tucker testifies, that he had no knowledge of such a map as that described by the witnesses for the plaintiff; that he

did not sell the property with reference to such a map; that at the time of the sale to the plaintiff no surveys had been made of his land east of Jones Street; that in conveying to the plaintiff he intended to convey a block of land only 200 feet wide; that, however, at the time he did convey he supposed that block 55 mentioned in the deed to the company, while only 200 feet wide, would extend on the west to Jones Street; that after the execution of the deed, he caused one Findley to survey this block 55 and adjoining lands, when he discovered that there was a strip of land 78 feet wide intervening between the west boundary line of block 55, as he understood it, and Jones Street; that he thereupon caused Findley to divide this strip into lots, which he afterwards conveyed to the defendants. The plat or map thus made by Findley was subsequently, with reference to block 55 and the lots here involved, carried into a map of Tucker's Addition, and so into the official map of the city of Fort Worth, made by one King. This Findley map was used by Tucker in selling his property in this addition. It indicates, as does the King map, the strip of land in question divided into lots, though in neither of these maps is any mention made of a block 58 or 59.

It is undisputed, that when Tucker sold and conveyed to the several defendants, they purchased with reference to the Findley map; that they paid value for their land; that when they purchased and paid for the lots they were ignorant of the "Cetti" map relied upon by the plaintiff, and that they never heard of any claim by the plaintiff to the lots in question; that they had attorneys to investigate their title, which was reported to them as being good. It appears also, that Edward Isham, the remote vendor of the Holts, paid the valuable consideration stated in his deed for the lot which he purchased; and while there is no direct evidence that he was ignorant of the deed executed to the company, circumstances justify this conclusion, the correctness of which seems indeed to be admitted by appellant. At the time of purchase by the several defendants, no map of Tucker's Addition was on record. The company, in the summer or fall of 1881, constructed its roadbed across a strip of the land purchased by it from Tucker. The distance from the rear line of the lots in controversy to the center of the roadbed is 132 feet.

*Conclusions of Law.*—The record presents two issues: (1) Are the lots in controversy included in block 55 as purchased by the company from Tucker? (2) If so, are the defendants and appellees bona fide purchasers? The several assignments of error relied upon are addressed exclusively to the second issue. We have, therefore, no concern about the former, save in so far as the facts incident thereto may bear upon the proper solution of the latter.

It will be noted that the appellees Holt, with reference to their claim from Edward Isham, occupy an attitude to some extent different from

that of the remaining defendants; and this for the reason that at the time of Isham's purchase the deed to the company was not of record. If Isham was an innocent purchaser, the title which he conveyed to the Holts would pass to them unaffected by any notice which they themselves might have had. The title of the second purchaser with notice is protected by the good faith of the first purchaser without notice. 2 Pome. Eq. Jur., sec. 754.

The trial court accordingly, in a separate clause, instructed the jury with reference to the defense of the appellees Holt in the following language:

"You are further instructed, that if you believe from the evidence that the defendants W. H. Holt and Sallie Holt bought and paid in good faith for the land that Tucker and wife conveyed to Edward Isham, October 6, 1881, without notice that said Tucker and wife had previously conveyed same to plaintiff, if it was conveyed to plaintiff, you will find for them as to that lot, unless you believe from the evidence that when it was conveyed to said Isham, plaintiff had graded the ground, preparatory to the construction of its railway through said land it had purchased from said Tucker and wife, and further believe from the evidence that block 55 of Tucker's Addition, as it was then designated, if it was then designated, embraced said land conveyed to said Isham, and that said land as then defined, with reference to said designation, had been conveyed by said Tucker and wife to said plaintiff; but in order for the notice afforded by plaintiff's grading said land to prevent said W. H. Holt and Sally Holt from claiming as innocent purchasers, you must believe that if said W. H. Holt and Sallie Holt had exercised reasonable diligence they would have discovered that said land was conveyed by said Tucker and wife to plaintiff prior to said Isham conveyance."

The appellant complains of this charge, because it " does not define the law as to an innocent purchaser, and is not applicable to the facts in evidence; and also because, in connection with a subsequent clause of the court's charge, it fails to accurately define what would be reasonable diligence on the part of all the defendants." We think that if the charge was erroneous, it operated to the undue advantage and not to the prejudice of the appellant, provided the court was correct in assuming under the evidence the fact which appellant evidently admits, viz., that Isham had purchased in ignorance of the deed to the company. Such being the case, as he was a purchaser in good faith without notice, his vendees, W. H. and Sallie Holt, should not have been required by the charge to show that they " bought and paid in good faith for the land that Tucker and wife conveyed to Edward Isham," etc. For the reasons already stated, proof of the good faith of their vendors would suffice for their protection.

With reference to the proposition of appellant, to the effect that the

grading of appellant's road was sufficient notice to the defendants of the adverse claim of the company, we deem it proper to say, in connection with the foregoing clause of the court's charge, as well as the clause herein after set out, that we attach little importance to the fact thus relied upon. We do not think that the construction of the company's roadbed along a line 132 feet distant from the lots in controversy should here at least affect the question of notice. If the deed to the company as recorded was sufficient to charge the defendants with conclusive notice of appellant's claim, the possession indicated by the roadbed could add no strengthening element thereto. If the deed was not thus sufficient, the adverse possession indicated by the company's track would on its face be confined to that amount of land which the company could acquire as a right of way by condemnation proceedings, which would be "reasonably necessary for the convenient use and maintenance of the railway company in the customary mode," and which would not therefore include the lots in question. Day v. Railway, 41 Ohio St., 392.

With reference to the title of defendants other than W. H. and Sallie Holt, claiming under Edward Isham, the court instructed the jury as follows:

"You are further instructed, that the record of the deed from said Tucker and wife to plaintiff was notice to all persons of plaintiff's title to said land to the extent that the limits of said land could by reasonable diligence be ascertained. Now, if you believe from the evidence that when Tucker and wife conveyed block 55 to plaintiff, said block, as then designated, included the land in controversy, and that it was sold to plaintiff with reference thereto, and further believe from the evidence that defendants could by the use of reasonable diligence have ascertained that said block, as then defined, comprised the land in dispute, if such was the fact, you will find for plaintiff. * * * On the other hand, if you believe from the evidence that by the exercise of reasonable diligence defendants could not have learned that the land in controversy was included in block 55, as same was conveyed to plaintiff, if the same was embraced therein, you will find for the defendants. Reasonable diligence is that which a man of ordinary prudence would exercise under the circumstances."

The appellant complains of the foregoing instruction in connection with the refusal of the court to grant the requested instruction, urging the proposition, that "as to the claims of all the defendants except that of Holt to the first lot under the Isham deed, the record of appellant's deed was direct notice, and the court should so have instructed the jury."

Such registration, if notice, was constructive notice. Mr. Pomeroy treats of constructive notice as of two classes; (1) that wherein the law conclusively presumes that a person is possessed of information of a certain fact; and (2) that wherein the law indulges in a prima facie presumption

that a person is so possessed, and casts upon him the burden of rebutting the presumption. 2 Pome. Eq. Jur., secs. 604, 606. In this case the court below seems to have considered the deed from Tucker to the company as coming within the second kind of constructive notice. It held the defendants whose claims originated subsequently to the registration chargeable with notice of the recitals of the registered deed, but allowed them to rebut the inference to be thence drawn by showing that they were unable by the prosecution of due inquiry and by the exercise of reasonable diligence to ascertain that the land in controversy was included in block 55, as it was conveyed to plaintiff.

In this we are not prepared to say that the court erred. The registration of the deed to the company should operate as constructive notice of what appears on the face of the deed as registered, but of no more than that. McLouth v. Hurt, 51 Texas, 115. The deed thus registered did not notify an inspector thereof of the dimensions of block 55. Was it sufficient to affect such an inspector with conclusive notice that this block was 278 feet in width, instead of 200 feet? We think not. The description given in the deed was hence imperfect and uncertain; and where this is the case, we understand the rule to be, that while the notice effected by the registration is such as to beget the duty of inquiry on the part of a purchaser of property which might be affected by the description given in the deed, yet this inference of notice is rebuttable by proof of the due and diligent pursuit of such inquiry, and of the existence of good faith on the part of the purchaser after the inquiry has been exhausted. Such a rule we understand to be intimated in the case of Carter v. Hawkins, 62 Texas, 396. If the purchaser discharge the duty of inquiry until doubt is removed, he will not be deprived of the benefit of the defense of a bona fide purchase. Whether, in the present case, the defendants discharged this duty was a question of fact submitted to the jury; and in the appellant's assignments of error we find no complaint to the effect that the appellees failed in the exercise of proper diligence in the inquiry suggested by the record. The views here expressed dispose, in effect, of all the assignments of error.

While we are free to confess that the question last considered is not without embarrassment, we have nevertheless, with some hesitancy, concluded that the action of the trial court with reference to it was correct.

The judgment is therefore affirmed.

*Affirmed.*

Delivered June 27, 1893.