(94 South. 296)

**ALLUMNS v. ALLUMNS.  (6 Div. 689.)**

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Wills ⬤⇒88(1)—Maker's intention, as gathered primarily from language of instrument, determines whether it is will or deed.**

In determining whether an instrument reserving a life estate to the maker should be construed as a will or a deed, the maker's intention, as gathered primarily from the language of the instrument itself, is controlling.

**2. Deeds ⬤⇒95—Each word deemed to have some force and effect.**

In construing a deed, each word is presumed to have been used for some purpose, and deemed to have some force and effect.

**3. Wills ⬤⇒88(6)—Deed requiring grantee to care for grantors "during their life" held a deed and not a will.**

An instrument designated a warranty deed, conveying land with covenants of warranty, duly executed, acknowledged, delivered, and recorded, habendum to the grantee, heirs, and assigns, was a deed and not a will, notwithstanding the recital that the deed was to "become effective at my death," and requiring that grantee take care of grantor and wife "during their life, after death this deed become effective."

**4. Trial ⬤⇒174—Affirmative charge not directed as to any particular count not justified on ground of variance on question relating only to added count.**

In ejectment to recover land claimed under a deed executed by the father of the parties, an affirmative charge for defendant, which was not directed as to any particular count, was not justified on the ground of variance on the question of description, where such question related only to a count added by way of amendment, and did not refer to the first count, which remained as the original complaint.

**5. Appeal and error ⬤⇒392—Easily curable irregularities in appeal bond not considered when presented for first time in brief.**

Under Code 1907, §§ 2885, 2886, easily curable errors and irregularities in an appeal bond will not be considered, when presented for the first time in appellee's brief; such objection being without material effect on the appeal.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action in ejectment by J. T. Allumns against O. A. Allumns. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The instrument relied upon by the plaintiff is as follows:

**Warranty Deed.**

The State of Alabama, Walker County.

Know all men by these presents, that we, S. T. Alumns, and Kattie Alumns, his wife, of Walker county and state of Alabama, for and in consideration of the sum of one thousand dollars, to them in hand paid, the receipt whereof is hereby acknowledged, hath granted, bargained and sold, and by these presents do grant, bargain, sell and convey to J. T. Alumns, heirs and assigns, the following described real estate, to wit:

The S. E. ¼ of the southeast ¼ section 19 township 14 range 4 west less 8 acres on the north side of road the above land being on the west side of Oakahollow road.

This deed is made to J. T. Alumns and become effective at my death that the said J. T. Alumns is take charge of the above lands as my home or take care of S. T. Alumns and wife during his life after death this deed become effective together with all and singular the tenements and appurtenances thereto belonging or in anywise appertaining.

To have and to hold to the said J. T. Alumns heirs and assigns, forever in fee simple.

And the said S. T. Alumns and Kattie Alumns doth hereby covenant with the said J. T. Alumns that at the time of the ensealing of these presents they or seized and possessed of a good and indefeasible title to the aforegranted premises, and doth warrant and will forever defend the same against the claims of all and every person or persons whomsoever.

In testimony whereof, we have hereunto set our hands and seal this 28 day of Dec. 1918.

his<br>
S. T. X Alumns.  [L. S.]<br>
mark<br>
Katie Allums.  [L. S.]

Witnessed by J. B. Sloan.

Leith & Powell, of Jasper, for appellant.

A deed may be so framed that the grantor reserves to himself the use and possession during his life. 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28. Every provision in a deed must be considered in ascertaining the meaning of the parties; every word shall be presumed to have been used for some purpose. 163 Ala. 401, 51 South. 11. A deed fairly doubtful must be construed most strongly against the grantor, in favor of the grantee. 181 Ala. 275, 61 South. 897; 181 Ala. 349, 61 South. 959; 154 Ala. 109, 44 South. 867; 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719. If, in the construction of a deed, there are two clauses irreconcilable with each other, the first must prevail. 172 Ala. 48, 55 South. 161.

C. R. Wiggins and A. F. Fite, both of Jasper, for appellee.

There being a variance between the land sued for and the land described in the purported deed, the affirmative charge was properly given for appellee. 99 Ala. 255, 13 South. 613. The instrument postpones appellant's right of possession until the death of Katie Allums, and, she being still in life, appellant was not entitled to judgment. 138 Ala. 125, 35 South. 122. The instrument under which appellant claims was testamentary in character, and was not effectual as a present grant. 86 Ala. 110, 5 South. 497,

11 Am. St. Rep. 28; 148 Ala. 239, 42 South. 554, 121 Am. St. Rep. 64; 94 Ala. 295, 10 South. 258, 16 L. R. A. 576.

GARDNER, J.  Appellant sued appellee in ejectment for the recovery of certain described lands situated in Walker county. Upon the conclusion of the evidence the court gave, at the request of the defendant, the general affirmative charge, in his favor, and from the judgment for the defendant the plaintiff has prosecuted this appeal.

The parties to this suit are brothers, and the plaintiff claims from a deed executed by their father, S. T. Allumns, who had owned and been in possession of the land for a long number of years.  S. T. Allumns had married a second time, and at the time of the execution of the instrument in question he was residing upon this land with his wife, the stepmother of the parties to this litigation.

On December 28, 1918, S. T. Allumns and his wife, Katie Allumns, executed the instrument upon which the plaintiff relies for recovery, the proper construction of which presents the question of prime importance upon this appeal.

[1] Counsel for appellee insist that this instrument should be construed as a will and not a deed.  Deeds with reservation of a life estate to the grantor are of common usage, and in questions of this character the intention of the maker is of controlling inquiry—which intention is to be gathered primarily from the language of the instrument itself.  Sharpe v. Hall, 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28.  The instrument here in question is set out in the report of the case.  It is designated upon its face as a warranty deed, and has all the appropriate language for such an instrument.  It was duly acknowledged before the justice of the peace of that precinct, and the separate acknowledgment of the wife taken, and the instrument delivered to the grantee, and recorded within a few days after its delivery. We are persuaded that it was intended as a deed, and so hold.  Sharpe v. Hall, supra.

The following clause in this deed gives rise to the controversy between the parties:

"This deed is made to J. T. Allumns and become effective at my death that the said J. T. Allumns is [to] take charge of the above lands as my home or take care of S. T. Allumns and wife during his [or their] life after death this deed become effective."

Counsel for appellee insist that in the foregoing clause the words "during his life" were originally written "during their life," and that this change was made after the deed was recorded.  The original is sent to this court for inspection.  The justice of the peace who took the acknowledgment and wrote the deed insists that all alterations were made by him at the time of its execution.

The evidence, however, is not convincing that this alteration was made after its recordation.  The argument for appellee is further advanced that reading the foregoing language as "during their life" instead of "during his life" discloses the clear intention on the part of the grantor to postpone the enjoyment of the estate to the grantee until after the death of each of the grantors, S. T. Allumns and his wife, so as to bring the case within the influence of Williams v. Woodruff. 138 Ala. 125, 35 South. 122.  It is without dispute that S. T. Allumns died before the institution of this suit, but that his wife still survives.

[2, 3] We are unable, however, to agree with this contention in construing this instrument.  It is a well-recognized rule that each word shall be presumed to be used for some purpose, and shall be deemed to have some force and effect.  Chatt. & Gulf R. Co: v. Pilcher, 163 Ala. 401, 51 South. 11.  And in Head v. Hunnicutt, 172 Ala. 48, 55 South. 161, it was pointed out that if two clauses of a deed are entirely inconsistent and irreconcilable with each other, the latter must give way to the former, but if the words of the latter clause are of doubtful import, they will not be construed so as to contradict the certain words of a preceding clause.  The first sentence in the above-quoted clause is very clear, and said language declares that this deed is to become effective at "my death."  The land was that of the father, S. T. Allumns, and these words meant of course at his death.

The language upon which counsel for appellee lay such stress relates to an obligation on the part of the grantee to care for S. T. Allumns and his wife during their lives. After this expression is the language "after death this deed become effective," but it does not say after the death of each of the grantors; and, to say the least of it from the language used, it is doubtful that such was intended, but rather it would appear that these words were meant as repetition by way of emphasis of the language first used in the clause, that the deed was to become effective at "my death."

Construing the words "during their life" as having reference only to the obligation to care for both of the grantors, and not as intending to qualify the previous expression as to the time the deed was to become effective, permits a proper scope to each word used in the clause, and harmonizes its language, while to give the clause the construction as contended by counsel for appellee would result in a very material modification of the first sentence of the clause by its concluding language, which is of doubtful meaning.  This is contrary to proper rules of construction.  The grantor has stated that the deed is to become effective at his death, and this clear declaration on his part should not

be annulled by language of doubtful import following. We are therefore of the opinion that the court below erred in the construction of this deed, and in giving the affirmative charge at the defendant's request.

[4] It is further urged by appellee's counsel that the affirmative charge was justified upon the ground of variance upon the question of description. This question of variance, however, only relates to the second count of the complaint, designated count A, added by way of amendment. It has no reference to the first count, which remained as the original complaint, and the affirmative charge given was not directed as to any particular count.

[5] There is also some question raised as to the sufficiency of the appeal bond. Whatever defects may have existed in this respect were such errors and irregularities as were easily curable. The objection now presented for the first time in brief is without material effect upon this appeal. Sections 2885, 2886, Code 1907.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.