226 So.2d 652

**JEFFERSON COUNTY**

v.

**M. C. MOSLEY et al.**

**6 Div. 491.**

Supreme Court of Alabama.

Aug. 21, 1969.

Rehearing Denied Oct. 2, 1969.

594

John P. Carlton, Bishop & Carlton, Birmingham, for appellant.

Jones, Propst & Topazi, Birmingham, for appellees.

LAWSON, Justice.

This is an appeal from a declaratory judgment rendered by the Circuit Court of Jefferson County following the filing by the plaintiff, Jefferson County, of its "Substituted Petition for Declaratory Judgment" and the filing of an "Answer to Substituted Petition for Declaratory Judgment" by M. C. Mosley, a single man; Earnie A. Peoples and wife, Edna M. Peoples; and George R. Self and wife, Margarette Self, which the defendants separately and severally prayed "be taken as a cross bill." Plaintiff made no response to the so-called "cross bill."

The ultimate question for decision is whether Jefferson County has a right-of-way over certain lands included in the description in separate warranty deeds executed by the defendant M. C. Mosley to the Peoples and to the Selfs.

The land described in the two aforementioned deeds is in the SW¼ of the SW¼ of Section 9, Township 17, Range 1 West, which will be referred to hereinafter as the government subdivision involved.

The cause was tried by the court without a jury. No oral testimony was adduced. In so far as the record before us discloses, the cause was submitted to the trial court on a "Stipulation of Facts" and, of course, on the pleadings.

On October 18, 1945, Lester L. Dillard by warranty deed conveyed to Jefferson County a "right-of-way for public purposes" across lands situated in the government subdivision involved. The right of way is described as being eighty feet in width or forty feet on each side of a center line of a proposed road which is described by metes and bounds.

In September, 1949, the "Old Alton-Weems Road" where it traversed the government subdivision involved was widened, paved and otherwise improved. The pavement was twenty feet wide and the shoulders on each side of the road were widened to a distance of five feet, making the

said road thirty feet wide after the improvements were made. In Paragraph 4 of the "Substituted Petition for Declaratory Judgment" it is alleged that "said road was built over and occupied a substantial portion of the right-of-way acquired by Jefferson County, Alabama, under deed from Lester L. Dillard executed and delivered on October 18, 1945." Defendants' "Answer to Substituted Petition for Declaratory Judgment" admits all of the allegations of Paragraph 4 of that Petition.

Prior to the making of the improvements in September, 1949, the part of the "Old Alton-Weems Road" here involved had a gravel surface. Its width prior to September, 1949, is not shown and the exact amount of the eighty-foot right-of-way used in widening the "Old Alton-Weems Road" does not appear. Subsequent to 1949 the "Old Alton-Weems Road" was straightened, further widened and improved where it traversed the right-of-way conveyed by Dillard to Jefferson County in 1945, but such work was done subsequent to all transactions involved in this case.

On December 20, 1951, Lester L. Dillard and wife conveyed by warranty deed certain real property in the government subdivision involved to M. C. Mosley. The description in the deed includes the right-of-way conveyed by Lester L. Dillard to Jefferson County under the deed of October 18, 1945. The deed from Dillard to Mosley contains the following exception: "The property hereinabove described and conveyed is conveyed subject to all public roads, or easements and rights of way thereover." The "Old Alton-Weems Road" existed as a public road and was maintained by Jefferson County for more than twenty-five years prior to the date on which Dillard executed the deed to Mosley.

Paragraph 4 of the "Substituted Petition for Declaratory Judgment," which is concerned with the improvement of the Alton-Weems Road in September, 1949, concludes as follows: "Plaintiff further avers that on December 20, 1951, the date of the deed from Lester L. Dillard and wife, Betty Lawson Dillard, to M. C. Mosley, said road was situated and maintained as set out above and in such manner as to be plainly visible." As before indicated, the averments of said Paragraph 4 were admitted in the defendants' "Answer to Substituted Petition for Declaratory Judgment."

The right-of-way deed from Lester L. Dillard to Jefferson County under date of October 18, 1945, was not recorded in the office of the Judge of Probate of Jefferson County until April 2, 1952, which was subsequent to the execution of the deed from Lester L. Dillard to M. C. Mosley. The last-mentioned deed was recorded in the office of the Judge of Probate of Jefferson County on January 14, 1952.

On May 26, 1952, M. C. Mosley conveyed by warranty deed certain real property in the government subdivision involved to Earnie A. Peoples and Edna M. Peoples. The description in the deed includes a part of the right-of-way conveyed by Lester L. Dillard to Jefferson County under the deed of October 18, 1945. It was recorded in the office of the Judge of Probate of Jefferson County on July 7, 1952. The deed from Mosley to the Peoples contains the following exception: "The property hereinabove described and is conveyed subject to all public roads, easements, and right-of-ways thereover."

By warranty deed dated June 26, 1953, and corrected in so far as the description is concerned by warranty deed dated December 27, 1958, M. C. Mosley conveyed to George R. Self and wife, Margarette Self, certain real property in the government subdivision involved. The description of said real property (as corrected) includes a part of the right-of-way conveyed by Lester L. Dillard to Jefferson County under the deed of October 18, 1945. The deed from Mosley to the Selfs dated June 26, 1953, was recorded in the office of the Judge of Probate of Jefferson County on June 26, 1953, and the deed correcting the description was recorded in that office on

December 29, 1958. These deeds do not contain any exceptions as to public roads, easements or rights-of-way.

The trial court rendered a judgment which in pertinent parts reads:

"That the defendant M. C. Moseley, did not have notice, either actual, constructive or implied, of sufficient facts to put him upon inquiry of the execution of the right-of-way deed executed on October 18, 1945, by Lester L. Dillard in favor of Jefferson County, Alabama, or of the ownership, right, title, or claim of Jefferson County, Alabama as to the right-of-way described in said right-of-way deed; and therefore, that the defendants, Earnie A. Peoples and wife, Edna M. Peoples, George R. Self and wife, Margarette Self, as purchasers from said Moseley, acquired the same title that said Moseley had acquired, regardless of the recordation of said right-of-way deed before said Moseley conveyed to said Peoples and wife, and said Self and wife."

From that judgment Jefferson County has appealed to this court.

In brief filed here on behalf of appellant, Jefferson County, it is said:

"Jefferson County is entitled to a declaration that the Defendants had actual, constructive or implied notice of sufficient facts to apprise them of, or place them upon inquiry as to, the existence and extent of the County right-of-way. The Defendant Mosley had notice of the controverted right-of-way at the time of the execution of the deed from Dillard to him by (1) the existence for more than 20 years prior to that time of a County maintained public road traversing a portion of the property and right-of-way in question; and (2) because of the exception in the deed to him, viz., 'The property hereinabove described and conveyed is conveyed subject to all public roads, all easements and rights-of-way thereover.' A similar exception is contained within the deed from Mosley to the Defendants Peoples.

"The case of the County against the Defendants Peoples and Self is stronger even than that against Mosley because the conveyances to them by Mosley were executed *after* recordation of the deed from Dillard to Jefferson County. At the time of the conveyance to the Defendants Peoples and Self, they had, in addition to actual notice of the right-of-way, constructive notice thereof by virtue of operation of Title 47, § 102, Code of Alabama, 1940, Recompiled 1958."

The last sentence quoted above is inaccurate if the words "in addition to actual notice of the right-of-way" contained in that sentence were used to convey the impression that the Selfs had actual notice of the right-of-way because of the exceptions in their deeds as to public roads, easements and rights-of-way. As we have pointed out above, the deeds from Mosley to the Selfs contained no such exceptions. As we view this case, the absence of such exceptions in the deeds from Mosley to the Selfs is of no consequence.

■ We will first consider the assertion of appellant to the effect that since its right-of-way deed was recorded prior to the time Mosley executed the deeds to the Peoples and to the Selfs, they had constructive notice of the rights of appellant by virtue of the provisions of § 102, Title 47, Code 1940, and hence the Peoples and the Selfs were not innocent purchasers for value without notice. Section 102, Title 47, *supra*, reads:

"The recording in the proper office of any conveyance of property or other instrument which may be legally admitted to record, operates as a notice of the contents of such conveyance, or instrument, without any acknowledgment or probate thereof as required by law."

If appellant is correct in that assertion, a judgment by this court reversing the judgment of the trial court would necessarily

follow and we would not be called upon to consider the question as to whether Mosley was an innocent purchaser for value without notice of appellant's rights under the 1945 deed to it from Dillard. But we cannot agree with appellant's contention here under consideration.

Our case of Fenno v. Sayre, 3 Ala. 458, and that of Tennessee Coal, Iron & R. Co. v. Gardner, 131 Ala. 599, 32 So. 622, appear to hold to the contrary. The Peoples and Selfs claim title from Mosley and from him alone. In the case last cited above it was said: "The record of a deed from any other person than the grantor from whom title is claimed will not operate to give constructive notice to a subsequent grantee."

In American Law of Property, Vol. IV, § 17.21, the rule is stated thusly:

"If after the recording of a deed from an owner there is later recorded another deed from the same grantor to a different grantee, whether earlier or later in date, a purchaser from the first grantee is without notice of any rights of the second grantee unless it is by reason of some fact other than the record; the purchaser's obligation to examine the grantor's indices as to that grantor ceased at the date of the recording of the first deed. * * *"

See Hawley v. McCabe, 117 Conn. 558, 169 A. 192.

We hold, therefore, that the recordation of the 1945 deed from Dillard to Jefferson County, after the recordation of the deed from Dillard to Mosley, did not by virtue of the provisions of § 102, Title 47, Code 1940, operate as notice to the Peoples and to the Selfs of the contents of the 1945 deed from Dillard to Jefferson County.

If Mosley was an innocent purchaser for value without notice of his grantor's right-of-way deed to Jefferson County, the title which he conveyed to the Peoples and to the Selfs would pass to them unaffected even by any notice which they themselves

might have had. Reeder v. Cox, 218 Ala. 182, 118 So. 338; Barron v. Hughes, 202 Ala. 207, 80 So. 29; Whitfield v. Riddle, 78 Ala. 99; Gulf, C. & S. F. Ry. Co. v. Gill, 5 Tex.Civ.App. 496, 23 S.W. 142.

In Vol. 3, Pomeroy's Equity Jurisprudence, 5th Ed., § 754a, it is said:

" * * * if a second purchaser with notice acquires title from a first purchaser who was without notice and *bona fide*, he succeeds to all the rights of his immediate grantor. In fact, when land thus comes, freed from equities, into the hands of the *bona fide* purchaser, he obtains a complete *jus disponendi*, with the exception last above mentioned, and may transfer a perfect title even to volunteers. * * * "

The exception to that rule is that such a title cannot be conveyed, free from prior equities, back to a former owner who was charged with notice.

So the question is presented as to whether the record before us shows that Mosley was an innocent purchaser for value without notice of the appellant's [Jefferson County's] rights under the deed executed to Jefferson County in 1945 by Dillard.

Appellant says that he was not.

As far as the record discloses, Mosley at the time he secured his deed from Dillard did not have actual knowledge of the deed executed by Dillard to Jefferson County in 1945. He was not charged with the constructive notice provided by § 102, Title 47, Code 1940, because Jefferson County did not record its deed until after Mosley secured his deed and after it was recorded.

But it is well settled in this state that whatever is sufficient to excite attention and put the party on his guard and call for inquiry is notice of everything to which the inquiry would have led; that when a person has sufficient information to lead him to a fact, he shall be deemed conversant with it; that one who has knowledge of facts sufficient to put him on inquiry as

to the existence of an unrecorded deed is not a purchaser without notice within the protection of the registry statutes. Wittmeir v. Leonard, 219 Ala. 314, 122 So. 330; Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 So. 190; Cole v. Birmingham Union R. Co., 143 Ala. 427, 39 So. 403; Pepper v. George, 51 Ala. 190; Alexander v. Fountain, 195 Ala. 3, 70 So. 669; Blocker v. Boyd, 242 Ala. 345, 6 So.2d 19; Walden v. Walden, 268 Ala. 145, 105 So.2d 105.

It has been said that it is difficult, if not impossible, to lay down any general rule as to what facts will in every case be sufficient to charge a party with notice or put him on inquiry. Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124.

In Wittmeir v. Leonard, *supra,* we said:

"* * * the purchaser is chargeable with notice of that which appears on the face of the conveyances in the chain of his title, but he is not bound to inquire into collateral circumstances. Attorney Gen. v. Blackhouse, 17 Vesey 282. One who has knowledge of facts sufficient to put him on inquiry as to the existence of an unrecorded mortgage is not a purchaser without notice under registration statutes. Gamble v. Black Warrior Coal Co., supra. In construing conveyances, 'each word is presumed to have been used for some purpose, and deemed to have some force and effect.' Allumns v. Allumns, 208 Ala. 369, 94 So. 296; Chattahoochie & Gulf R. Co. v. Pilcher, 163 Ala. 401, 51 So. 11. See also, Head v. Hunnicutt, 172 Ala. 48, 55 So. 161."

Cases from other states hereafter cited are authority for the proposition that a person is charged with notice of the contents of the instrument by which he takes title and of all the facts which would be disclosed with a reasonably diligent search. Floyd County Board of Education v. Johnson (Ct. of App. of Ky.), 260 S.W.2d 217; Adams v. Hill, 208 Miss. 341, 44 So.2d 457; Eakers v. Clopton, 199 Okl. 99, 184 P.2d 247, 173 A.L.R. 309; McDonald v. Welborn, 220 S.C. 10, 66 S.E.2d 327; Tuggle v. Cooke (Ct. of Civ.App. of Tex.), 277 S.W.2d 729; State v. Jewell, 250 Wis. 165, 26 N.W.2d 825, 28 N.W.2d 314.

In State v. Jewell, *supra,* it appears that one Esther Lindgren conveyed certain land to Burnett County on April 29, 1931, for the purpose of permitting the State Highway Commission to relocate a portion of State Trunk Highway No. 87 in Burnett County. That conveyance was not recorded. On March 9, 1944, Esther Lindgren conveyed to Henry A. Jewell a parcel of land which included the property previously conveyed to Burnett County. In the deed to Jewell, after the granting clause and description of the property, there appeared the following recital: "Subject to the right of way of Highway No. 87 on the east side of the parcel above described." At the time the deed to Jewell was executed State Trunk Highway No. 87 had been improved and in use for many years.

The Supreme Court of Wisconsin among other things said as follows:

"It is a well established rule that a person is charged with notice of the contents of the instrument by which he takes title and all the facts which would be disclosed with a reasonable diligent search. 39 Am.Jur. p. 246, sec. 22, and cases cited. Pringle v. Dunn, 1875, 37 Wis. 449, 19 Am.Rep. 772.

"A part of the tract conveyed by Mrs. Lindgren was occupied as a highway. Where one occupies a part of the premises conveyed his occupancy extends to the boundaries of the land described in the instrument under which he claims. Land and Loan Co. v. Kesler, 1912, 150 Wis. 283, 136 N.W. 625; Childs v. Nelson, 1887, 69 Wis. 125, 33 N.W. 587; Ovig v. Morrison, 1910, 142 Wis. 243, 125 N.W. 449.

"Having knowledge that the premises granted were subject to the rights of the state as established by the boundaries of

state highway 87, the defendants were charged with notice of the rights of the public. The possession of real estate is generally considered constructive notice of rights of the possessor, whether the possession is sought to be used for the purpose of charging a purchaser with notice of an outstanding equity, or whether it is sought to charge a subsequent purchaser with notice of an unrecorded instrument and thereby defeat his right to protection under the recording acts. It is so held in the United States courts and in 28 states of the Union. 55 Am.Jur. 1087, sec. 712, and cases cited.

"Here the occupation of the lands described in the deed to the defendants was open and notorious. The notice *was not confined to that part of the premises used as a highway but extended to the lands described in the deed.*

"It is the general rule that actual possession of real estate is constructive notice of the right of the possessor (cases already cited) and of all facts connected therewith which a reasonable inquiry would disclose. Kirby v. Tallmadge, 1896, 160 U.S. 379, 16 S.Ct. 349, 40 L.Ed. 463; 55 Am.Jur. 1098, § 729, and cases cited.

"The defendants were also put upon notice by the recitals contained in the conveyance to them." (Emphasis supplied)

In the *Jewell* case, *supra*, the Supreme Court of Wisconsin affirmed the judgment of the trial court, which was in favor of the State, with certain modifications not here pertinent. On rehearing the Wisconsin Court affirmed the judgment of the trial court without modifications. State v. Jewell, 250 Wis. 165, 26 N.W.2d 825, 28 N.W.2d 314.

In Ocean Shore Railroad Company v. Spring Valley Water Company et al., 218 Cal. 86, 21 P.2d 588, the railroad company owned a right-of-way which was conveyed to it in 1909, but the instrument of conveyance was not recorded. Not later than the early part of 1921, the railroad company discontinued operation of the railroad over the right-of-way and removed its tracks and equipment except for a trestle which was visible to the naked eye. In March of 1922, a golf club entered into a contract for the purchase of the land. The golf club thereupon entered into possession and improved the property after paying $10,000 on account of the purchase price. Unlike the case at bar, the contract of purchase contained no reference to plaintiff's right-of-way and the deed conveying the right-of-way was not recorded until approximately one month after the defendant golf club had executed such contract and paid a portion of the purchase price. The Supreme Court of California said, in part:

"* * * Examination of the evidence satisfies us that the defendant golf club, while lacking actual knowledge of plaintiff's easement when negotiating for the purchase of the property, had actual notice of circumstances sufficient to put it upon inquiry which, if prosecuted, would have disclosed plaintiff's interest and right in the property. This being so, the defendant golf club is chargeable with constructive knowledge of the existence of plaintiff's right of way. Its title to the property is, therefore, subject to plaintiff's easement.

* * * * * *

"In conclusion, we repeat that the defendant golf club is not a bona fide purchaser for value without notice of plaintiff's easement. Prior to executing the contract of purchase or advancing any money thereunder, it had knowledge of facts sufficient to indicate the existence, at one time or another, of a right of way across the land. Reasonable inquiry would have disclosed plaintiff's interest in the property and dissipated any theory of abandonment. Having failed to pursue the inquiry suggested by the facts of which it had knowledge, it necessarily follows that the defendant golf club acted at its peril and its title to the proper-

ty is therefore subject to plaintiff's easement therein."

In McLaren et al. v. American Telephone & Telegraph Co. of New Jersey, 1 N.J.Super. 600, 63 A.2d 922, it was said:

"* * * The plaintiffs had constructive notice of the prior rights of the defendant. Since October 1923 when the poles were erected, the defendant's occupation of the strip of land upon which the poles were erected was exclusive and uninterrupted, open, notorious and visible. The presence of the poles, the wires, cables, guys and anchors as a part of a communication system indicated that someone other than he who appeared by the record to be the owner had rights in the premises. The visible presence of the poles and wires was sufficient to put the plaintiffs upon inquiry to determine whether the defendant or some other similar company had the right to erect and maintain the telephone lines. The occupation of the strip of land by the defendant was as exclusive as the circumstances of the case would permit. The plaintiffs took title to the premises in question with notice of the defendant's rights and subject thereto. The failure of the defendant to record the instrument does not affect its rights in the circumstances."

It is difficult to understand how Mosley could have read the deed and not have seen the exception clause. Whether he saw it or not, he is presumed to have knowledge of it and the consequences are the same in either case. State v. Jewell, *supra*.

So far as the record discloses, Mosley made no effort to ascertain whether, in fact, there were any public roads, easements or rights-of-way across the land described in the deed from Dillard to him prior to the present controversy. After the controversy arose, apparently he had no trouble in ascertaining such information, as is evidenced by the map or drawing which is in the record.

It seems to us that a reasonably prudent man who obtained a deed containing an exception such as was included in the deed from Dillard to Mosley would have made inquiry from his grantor as to why such an exception was included. If such an inquiry had been made, Mosley would no doubt have been advised of the right-of-way deed executed by Dillard to Jefferson County in 1945.

The defendants in their answer admitted that the improvements made on the old Alton-Weems Road in 1949 were "built over and occupied a substantial portion of the right-of-way acquired by Jefferson County, Alabama, under deed from Lester L. Dillard executed and delivered on October 18, 1945." The defendants in their answer further admitted that at the time Dillard executed the deed to Mosley "said road was situated and maintained as set out above and in such a manner as to be plainly visible."

The existence of this road at the time Mosley secured his deed from Dillard was open and notorious and its presence was such notice as to put Mosley on inquiry and the notice was not confined to that part of the right-of-way used as a road or highway, but extended to the lands described in the deed from Dillard to Jefferson County.

The established rules of law may operate harshly in this case, but they are well established and we have no alternative but to apply the law as it is.

In conclusion, we hold that Mosley was not a bona fide purchaser for value without notice of Jefferson County's easement. His title was subject to that easement. He could convey to the Peoples and to the Selfs no better title than he possessed.

We have referred to one of the appellees as "Mosley," which is the spelling used most frequently in the record, although his name is spelled "Moseley" in some places in the record, and that is perhaps the correct spelling of his name.

It follows that the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.