TORBERT, Chief Justice.
This appeal arises from a case in which issues were resolved in separate trials, Mary Hardin, et al., obtaining in the first trial a jury verdict and damages against Goodrich Associates. In the second trial Mary Hardin, et al., sought declaratory relief against John Hancock Mutual Life Insurance Company, Inc. (“John Hancock”). The second trial was before the Etowah Circuit Court without a jury, and it is only from the judgment entered in that trial that this appeal is taken.
The facts as found in the trial court’s order are as follows:
Goodrich Associates (a New York general partnership which developed and initially owned the Mason’s Shopping Center) originally leased certain property in the shopping center to Mason’s Stores, Inc., on June 24, 1966. In November 1967, Goodrich mortgaged the property on which Mason’s was located to John Hancock. As additional security the Goodrich-Mason’s lease was assigned to John Hancock.
*124 On March 31, 1967, Goodrich leased the building adjacent to and contiguous with the Mason’s building to Chastain-Roberts Co., Inc., for use as a retail super market. On May 7, 1974, Chastain sub-leased the super market premises to Hardin and Co., Inc. Then Hardin orally sublet the store to Piggly Wiggly of North Gadsden, Inc. The building leased to Chastain-Roberts was not included in the property described in the Goodrich Associates mortgage to John Hancock of the Mason’s property. The Goodrich-Chastain lease was not recorded. On December 27, 1974, Mason’s filed for bankruptcy and Hancock foreclosed on the Goodrich mortgage and purchased the Mason’s property at the foreclosure sale.
The Goodrich-Chastain lease contains a provision that gave Chastain the exclusive right to operate the demised premises as a super market within the shopping center. An addendum to section 7 of that lease provided that the exclusivity clause does not apply to any “mortgagee of the Demised Premises, nor to any mortgagee of the Demised Premises who shall be in possession of the Demised Premises by foreclosure or deed in lieu of foreclosure.”
This appeal centers upon the counterclaims for declaratory relief by Hardin and Co., Inc., against John Hancock, that is, whether the exclusivity clause in the Goodrich-Chastain lease is enforceable against John Hancock.
The trial court entered its decree, paragraph 7 thereof providing:
7. The Court holds that while John Hancock Mutual Life Insurance Company may not have had actual or constructive notice, of the provisions of the Chastain-Roberts lease, that by an analogy of the facts in the instant case to those in the case of Jefferson County v. Mosley, 284 Ala. 593, 226 So.2d 652, that the provisions in the Mason’s lease, relating to not operating a supermarket therein, would be sufficient to excite attention and to impose on John Hancock Mutual Life Insurance Company a duty to inquire further which would lead it to the restrictions in the Chastain-Roberts lease. The Court makes no finding as to whether the provisions in the Chastain-Roberts lease are covenants running with the land or whether they are personal covenants as it does not feel that this is necessary for a determination of the issues in this case. The Court does hold, that even if it is ruled that John Hancock Mutual Life Insurance Company had notice of the provisions of the Chastain-Roberts lease, under its duty to inquire on the rational [sic] of Jefferson County v. Mosley, supra, the Court holds that the restrictive provisions of the Chastain-Roberts lease would not apply to John Hancock Mutual Life Insurance Company, as mortgagee, in that the Court finds that the provisions of Addenda to Section 7 of the Chastain-Roberts lease prevent the restrictive covenants from applying to John Hancock Mutual Life Insurance Company. The Court holds that the restrictions and “exclusive rights” described in the lease agreement dated 31 March, 1967, between Goodrich Associates and Chastain-Rob-erts Company, Inc. have no force and effect as to the rights of John Hancock Mutual Life Insurance Company, or its successors and assigns. [Emphasis added.]
Appellants argue that the trial court misunderstood the meaning of the term “Demised Premises” in the Goodrich-Chastain lease, and that the trial court erred as a matter of law in holding that John Hancock was a “mortgagee of the Demised Premises” and thus not susceptible to the exclusive right of Hardin and Co., Inc., to operate a super market within the shopping center. We agree and reverse and remand.
In the instant case, the term “Demised Premises” was consistently used throughout the lease from Goodrich Associates to Chas-tain-Roberts to refer only to the property leased by Chastain-Roberts and not to the property leased by Mason’s Stores, Inc. The Goodrich Associates to Chastain-Rob-erts lease expressly provides:
Landlord hereby demises and leases and Tenant hereby hires and takes the following described premises situated in the *125 City of Gadsden, County of Etowah, State of Alabama.
The building outlined in red on the plot plan attached hereto as Exhibit “A”, and hereby made a part hereof, said building being a one (1) story building having a first-floor area of approximately 12,600 square feet (hereinafter referred to as the “Demised Premises”), and being a part of a shopping Center (hereinafter referred to as the “Shopping Center”) as designated on said Exhibit “A” . [Emphasis added.]
There is no ambiguity in the above definition. The definition itself restricts its meaning to that portion of the tract leased to Chastain-Roberts. It is not the province of the court to make or remake a contract for the parties, but its duty is confined to the interpretation of a contract which they have made for themselves. Flowers v. Flowers, 334 So.2d 856 (Ala.1976). The ore tenus rule is not applicable to the trial court’s holding that the “Addenda to Section 7 of the Chastain-Roberts lease prevent the restrictive covenants from applying to John Hancock Mutual Life Insurance Company,” because that holding is based on the interpretation of an unambiguous contract.
It is well settled that the interpretation of an unambiguous contract is a question of law for the court. City of Birmingham v. I. E. Morris & Associates, 256 Ala. 273, 54 So.2d 555 (1951); Robbins Tire and Rubber Co. v. United States, 462 F.2d 684 (5th Cir. 1972); C. F. Halstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644, 320 So.2d 657 (1975).
The trial court erred as a matter of law in holding that John Hancock was a “mortgagee of the Demised Premises” and thus exempt under the provisions of the Chastain-Roberts lease from the exclusive right to operate a super market within the shopping center. We pretermit consideration of any other basis for holding John Hancock subject to the exclusivity clause.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON and EM-BRY, JJ., concur.