This is an appeal by Mae (Thomas) Walker, from a summary judgment entered by the Circuit Court of Jefferson County against her and in favor of James C. Wilson. Wilson filed suit to quiet title in some property in June 1983, naming Walker as defendant.
The undisputed facts of this case are as follows:
On August 5, 1968, Ancel Bennett Swindall and Betty Swindall, by warranty deed, transferred to appellant, Mae (Thomas) Walker, the following real property:
 Lot 33, Block 3, according to the survey of Suddeth Realty Company's 5th Addition to Birmingham as recorded in Map Book 13, page 83, in the Probate Office of Jefferson County, Alabama.
The warranty deed, however, was not recorded in the office of the Jefferson County Judge of Probate until April 5, 1972. In consideration of her indebtedness to the Swindalls, Walker executed a mortgage on the property in favor of the Swindalls. This mortgage was executed on the same day as the warranty deed from the Swindalls to Walker (August 5, 1968), and was recorded in the probate office on October 3, 1972.
On May 2, 1970, appellant and her then-husband, Henry J. Thomas, executed a mortgage on the property in favor of Southern Cross Discount Company, Inc. (SCDC) to finance the purchase of aluminum siding. This mortgage was recorded in the probate office on May 25, 1970. No representative of SCDC inquired of appellant or her husband about their source of title to the property, or if the Swindalls then, or at any time in the past, had an interest in the property.
On May 5, 1970, SCDC transferred and assigned this mortgage to North American Acceptance Corporation (NAAC), which recorded the instrument on May 25, 1970.
Walker defaulted on her mortgage to the Swindalls, and, as a consequence the mortgage was foreclosed by the Swindalls on November 8, 1972, and the foreclosure deed was recorded in the probate office the next day. Walker also defaulted on her mortgage held by NAAC, and that mortgage was foreclosed by NAAC on January 3, 1973. The foreclosure deed for this transaction was recorded on January 5, 1973.
After some discussions between Walker and NAAC concerning Walker's desire to repurchase the property, NAAC executed a quitclaim deed to the property in favor of Walker on May 2, 1977. This quitclaim deed was recorded on October 5, 1978.
The Swindalls conveyed title to the property to appellee, James C. Wilson, by warranty deed dated September 17, 1982, which was recorded in the probate office that same day. At the time the action was filed, Wilson was in peaceable possession of the property, and has remained in possession of the property.
Based upon the facts as stipulated by the parties, and the legal arguments of counsel, *Page 582 
the trial court entered summary judgment in favor of James C. Wilson on April 10, 1984. In its summary judgment, the trial court found that Mae (Thomas) Walker "has no right, title, interest, claim or encumbrance in or upon the real property." Walker subsequently appealed.
The first question to be answered in this case is whether this case was one subject to summary judgment. We are of the opinion that it was. When the facts of a case are undisputed, as they are here, and the court's judgment is based solely upon a legal interpretation or conclusion, then the court may grant summary judgment. Studdard v. South Central Bell Telephone Co.,356 So.2d 139 (Ala. 1978).
After establishing that this case is one in which summary judgment should have been granted, we focus our attention on determining from the undisputed facts the legal owner of the property.
Section 35-4-90, Code 1975, known as the Recording Act, provides in pertinent part:
 (a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors.
Appellant argues that, according to the Recording Act, since the second mortgage was recorded before the first, and since SCDC had no notice of the Swindalls' mortgage, SCDC conveyed clear title in the property to NAAC. The general rule is that a person having notice of a previous claim or interest in the land may purchase from a bona fide purchaser and receive good title. Reeder v. Cox, 218 Ala. 182, 118 So. 338 (1928). Therefore, appellant argues, by virtue of the Recording Act and the above-cited language, she now has title to the property free and clear of any claims or interests. This analysis must fail for two reasons.
First, SCDC was not a bona fide mortgagee because it had constructive or inquiry notice of the mortgage Walker gave to the Swindalls. This is so because Walker did not record her deed from the Swindalls until April 5, 1972. Therefore, Swindall, not Walker, was the record title holder when Walker gave SCDC a mortgage. SCDC may not simply take Walker's word that she held title to the property, Dewyer v. Dover, 222 Ala. 543,133 So. 581 (1931); rather SCDC is presumed to have examined the title records and knowledge of the contents of those records is imputed to it. J.H. Morris, Inc. v. IndianHills, Inc., 282 Ala. 443, 212 So.2d 831 (1968). SCDC apparently did not search the title records, because, according to the stipulated facts, SCDC made no inquiry of Walker concerning any interest Swindall had in the property. Such a search is not required for notice to be presumed. "A grantee, including a mortgagee, has notice of what appears in the chain of title of his grantor or mortgagor." Bank of Hartford v.Buffalow, 217 Ala. 583, 584, 117 So. 183, 185 (1928).
Since SCDC did not qualify as a bona fide mortgagee under the Recording Act, NAAC, as assignee of SCDC, likewise is prohibited from such status. Therefore, Walker may not defeat the Swindalls' mortgage by claiming to be a purchaser from abona fide mortgagee without notice.
Another reason why Walker cannot prevail is found in the exception to the rule she relies on for support. The rule, stated in Jefferson County v. Mosley, 284 Ala. 593, 598,226 So.2d 652, 656 (1969), reads: "[I]f a second purchaser with notice acquires title from a first purchaser who was without notice and bona fide, he succeeds to all the rights of his immediate grantor." However, the Court went on to say: "The exception to that rule is that such a title cannot be conveyed, free from prior equities, back to a former owner who was charged with notice." Jefferson County v. Mosley,284 Ala. at 598, 226 So.2d at 656. *Page 583 
This is exactly what Walker tried to accomplish. Therefore, even if Walker succeeded in having SCDC declared to be a bonafide mortgagee, she still must fail in her attempt to gain title to the property.
For the above-stated reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.