EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a subdivision case.
When the Mountain Brook Planning Commission (commission) denied Mrs. Rum-barger’s request that her residential lot in Mountain Brook be subdivided into two separate lots, she sought mandamus in the circuit court where Mrs. Rumbarger was the plaintiff and the commission and its individual members were the defendants. A written stipulation of the parties as to the facts was filed. Each party filed a motion for a summary judgment. The case was submitted for the trial court’s decision upon the stipulation and the two summary judgment motions, and the trial court, in effect, rendered a summary judgment in favor of the defendants.
From the stipulation of the parties and from their respective motions for a summary judgment, it is clear that there was no genuine issue of any material fact and that the sole issue before the trial court was one of law: whether the commission’s interpretation or construction of a section of the Mountain Brook code was reasonable and, therefore, proper or whether it was unreasonable and, accordingly, incorrect. A summary judgment may be utilized for determining such an issue under such circumstances. In Walker v. Wilson, 469 So.2d 580 (Ala.1985), the parties had stipulated to the facts, and it was therein decided by the supreme court that the trial court may grant a summary judgment when the facts of a case are undisputed and the trial court’s judgment is based solely upon a legal interpretation or conclusion.
Here, the parties stipulated as to the facts and each filed a motion for a summary judgment. Only one issue, a question of law, was to be determined. This case was therefore ripe for the issuance of a summary judgment in favor of the proper party.
We now turn to the question of whether, under the undisputed facts, the plaintiff’s request for a writ of mandamus was due to be granted or denied by the trial court.
The trial court’s judgment succinctly and sufficiently addressed that aspect of the plaintiff’s appeal, and we adopt the reasoning and holding of the trial court in that final judgment as a part of the opinion of this court.
"... With the parties having filed the ‘Stipulation’, there is no genuine issue of any material fact and the sole issue in this case is whether or not the Defendants’ interpretation of Sections 19-21(b) and 19-21(c) of the Mountain Brook Code is unreasonable. These Sections read as follows:
‘Sec. 19-21. Lot area; lot width; front rear and side yards; building area. ‘Buildings and other structures in a residence A district shall be located so as to comply with the following requirements:
[[Image here]]
‘(b) Minimum required lot width at the building line, meaning the permitted front line of building, seventy-five feet. ‘(c) Minimum required depth of front yard, meaning depth between dwelling or other structure and property line at street, forty feet.
[[Image here]]
“The issue involves the interpretation of the phrase ‘meaning the permitted front line of building’ as it appears in Section 19-21(b). It is the position of the Defendants that the phrase is defined in Section 19-21(c) and that since structures are permitted to be built forty feet from the street, that point (forty feet from the street) is the permitted front line of building. It is the position of the Plaintiff that the phrase means any point on the lot which is both seventy-five feet in width and at least forty feet from the *63 street. [We add that if the defendants’ interpretation is correct, one of the proposed lots of the plaintiff would not comply with the municipal code since that lot would only be 40 feet wide, not 75 feet in width at the minimum setback point of 40 feet from the street.]
[[Image here]]
“It is the opinion of the Court that the Defendants’ interpretation of Section 19-21(b) is a reasonable and logical interpretation of the plain language of such section. It appears to the Court that the plaintiff’s interpretation makes the word ‘permitted’ in the phrase ‘meaning the permitted front line of building’ devoid of any meaning at all.
“It is, therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
“ONE: The Plaintiff’s ‘Petition For Mandamus’ is denied.”
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.